**Mary Elizabeth BERGDOLL, Appellant,**

v.

**Lawrence Ray WHITLEY, Appellee.**

No. 13146.

Court of Civil Appeals of Texas, Austin.

April 30, 1980.

---

2. No objection was raised as to the lease agreement being authentic or being the best evidence available.

Jeffrey M. Friedman, Friedman, Weddington, Hansen & Gordon, Austin, for appellant.

Mary Joe Carroll, Clark, Thomas, Winters & Shapiro, Austin, for appellee.

SMITH, Justice.

Appellant, Mary Elizabeth Bergdoll, and appellee, Lawrence Ray Whitley, met while attending Louisiana State University and were subsequently married in Texas in June, 1966. The parties' only marital residence was established in Tennessee, where they resided until their divorce in 1972. During the marriage, appellant had twins, whose interest is subject of this suit. The divorce decree of the Circuit Court of Shelby County, Tennessee, granted custody of the children to appellant and set appellee's monthly support payments at $200.

In 1973, appellant remarried and moved to Texas with the minor children. A series of hearings were held in the Tennessee Circuit Court in December, 1974, and January, 1975, to define appellee's visitation rights. At these hearings, the Tennessee court specifically found that it had not lost jurisdiction of matters affecting the rights of the minor children because of appellant's move to Texas.

Appellant brought this suit in the district court of Travis County, Texas, on November 15, 1978, to modify the 1972 order of the Tennessee Circuit Court by ordering appellee to increase his monthly support payments to $450.

Appellee, a non-resident of Texas, made a special appearance, as authorized by Rule 120a, Texas Rules of Civil Procedure (1979), objecting to the exercise of *in personam* jurisdiction by the Texas court. The district court sustained appellee's plea to the jurisdiction and dismissed the suit. It is from this order of dismissal that appellant has perfected her appeal to this Court.

Section 11.051 of the Texas Family Code (Supp.1980) provides:

"In a suit affecting the parent-child relationship, the court may exercise personal jurisdiction over a person on whom service of citation is required or over the person's personal representative, although the person is not a resident or domiciliary of this state, if:

(1) the child was conceived in this state and the person on whom service is required is a parent or an alleged or probable father of the child;

(2) the child resides in this state, as defined by section 11.04 of this code, as

a result of the acts or directives or with the approval of the person on whom service is required;

(3) the person on whom service is required has resided with the child in this state; or

(4) notwithstanding Subdivisions (1), (2), or (3) above, there is any basis consistent with the constitutions of this state or the United States for the exercise of the personal jurisdiction."

Appellant alleges error in the district court's refusal to find that conception occurred in Texas and in its conclusion that Subdivision (1) of Section 11.051 cannot be literally applied but requires some showing of additional "minimum contacts."

At appellant's request, the district court filed findings of fact and conclusions of law. However, it refused to adopt appellant's requested finding that conception had occurred in Texas.

The record reflects that the parties visited appellant's parents in Texas during the Christmas holidays of 1967. The twin children were subsequently born on September 5, 1968. Appellant testified unequivocally that conception could have occurred only in Texas during the Christmas visit. Appellee disagreed with appellant's exclusion of other marital opportunities for extraterritorial conception.

■ It is the sole province of the trier of fact, who had the opportunity to observe the demeanor of the witnesses on the stand, to judge their credibility and the weight to be given their testimony and to resolve conflicts in the testimony of one witness with testimony of another witness. *Harrell v. Sunylan Co.*, 128 Tex. 460, 97 S.W.2d 686 (1936). As there is probative evidence supporting the district court's refusal to find that conception occurred in Texas, the judgment of the district court that Section 11.-051(1) is inapplicable must be sustained. *Miller v. Puritan Fashions Corp.*, 516 S.W.2d 234 (Tex.Civ.App.—Waco 1974, writ ref'd n. r. e.).

■ Appellant, in her next point of error, complains of the district court's finding that the children do not reside in Texas as a result of "acts or directives" or with the "approval" of appellee. Texas Family Code, Section 11.051(2).

Appellant contends that, when appellee was informed of appellant's impending move to Texas, appellee did not verbally object, did not go into court and try to prevent appellant from taking the children to Texas, nor did he ask for a legal change of custody when he had the opportunity to do so. In addition, appellant points out that appellee began, and has continued, to mail his court-ordered support payments to appellant after she had removed the children to Texas.

These facts do not constitute the necessary proof required by Section 11.051(2). In order for the initial clause of Subdivision (2) to apply, there must be some evidence of some *affirmative* "act or directive" by the non-resident defendant which caused or resulted in the children's residence in Texas; silent acquiescence in the other parent's action will not suffice.

The word "approval,' as used in the second clause of Subdivision (2), also means some *affirmative* manifestation of consent to, or ratification of, the children's change of residence. Failure to object to the change of the children's residence, when such a change is made by a person who has legal custody, does not constitute "approval," as required by the statute.

■ Section 11.051 authorizes personal jurisdiction over a non-resident defendant in matters affecting the parent-child relationship if, among other things, the child is conceived in this state or resides here as a result of acts or directives or with the approval of the non-resident parent. However, this statute must be read as implicitly requiring, in addition, basic "minimum contacts" with the state of Texas by the non-resident parent. If such "minimum contacts" are not present, jurisdiction assumed

thereunder would not withstand constitutional attack. *Butler v. Butler*, 577 S.W.2d 501 (Tex.Civ.App.—Texarkana 1978, writ dism'd); Sampson, *Long-Arm Jurisdiction Marries the Texas Family Code*, Texas Bar Journal, December, 1975.

■ A state court may exercise personal jurisdiction over a non-resident defendant only so long as there exists "minimum contacts" between the defendant and the forum state. *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The defendant must have performed some act by which he purposefully avails himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

In *Kulko v. Superior Court of California*, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978), a couple was married in California, moved to New York, and had no other contacts with California until after their separation, when wife moved back. Under terms of a separation agreement, the children of the couple were to remain with their father in New York during most of the year and would visit with their mother in California during the summer months. Approximately one year later, one of the children expressed a desire to live with her mother in California; husband bought her a ticket and sent her to her mother. Some three years later, the other child, without husband's knowledge, flew to California and took up residence with his mother. Wife filed in California for, *inter alia*, an increase in child support; husband challenged the jurisdiction of the California court on the ground of lack of "minimum contacts." The California court found sufficient "minimum contacts" in the father's actions in sending his daughter to live with her mother and his consent to the residence of his son in California. The United States Supreme Court reversed, holding that (1) the acquiescence of the father in his daughter's desire to live with her mother in Cali-

fornia did not confer jurisdiction on the courts of that state; (2) the exercise of *in personam* jurisdiction was not warranted because the father derived no financial benefit as a result of his acquiescence in his daughter's desire to live in California; and (3) basic considerations of fairness pointed to New York as a proper forum for the mother's action.

■ The following "minimum contacts" have been found to be sufficient to allow jurisdiction over the non-resident parent under Section 11.051: (1) marriage in Texas; (2) marital domicile in Texas at one time; (3) children conceived in Texas; (4) children born in Texas; (5) respondent resided with children in Texas; (6) children continued to live in Texas after divorce; and (7) respondent visits children in Texas. *Crockett v. Crockett*, 589 S.W.2d 759 (Tex. Civ.App.—Dallas 1979, no writ).

The mere fact that the parties married in Texas, that the child for whom support was sought was conceived and born in Texas, and that Texas was the last marital domicile seem to be the fewest contacts that the cases have established as sufficient to maintain jurisdiction under Section 11.051. *Zeisler v. Zeisler*, 553 S.W.2d 927 (Tex.Civ.App. —Dallas 1977, writ dism'd).

■ In the case at bar, the trial court found that the only contacts that appellee had with Texas were (1) that he was married to appellant in Texas and (2) that his children now live in Texas with appellant. Appellee has always been a resident of Tennessee; his last physical presence in Texas occurred more than two years prior to the parties' divorce in 1972. In addition, there is no evidence of any act by which appellee purposefully availed himself of the privilege of conducting activities within the state of Texas, thus invoking the benefits and protection of its laws. *Hanson v. Denckla, supra.*

These two contacts with the state of Texas are not sufficient "minimum contacts" to pass constitutional muster and, thus, are

**936**

not sufficient to allow invocation of Section 11.051. Neither this State's vital interest in protecting the rights and enforcing valid support orders of children within its borders, nor its interest in providing a convenient forum for its residents, provide license to disregard the basic protection afforded non-residents by the Due Process Clause of the Fourteenth Amendment. *Kulko v. Superior Court of California, supra.*

The basic considerations of fairness point to Tennessee as the proper forum for this action. The parties had their marital residence there; the children were born there; the parties were divorced there; the Tennessee court held that it had continuing jurisdiction over the minor children despite appellant's move to Texas; appellee has not visited the children in Texas; and both appellant and appellee have been abiding by the terms of the divorce decree entered by the Circuit Court of Tennessee. Furthermore, as both Texas and Tennessee have enacted the Uniform Reciprocal Enforcement of Support Act, appellant should have no trouble having a modification of the Tennessee decree recognized and enforced in Texas.

The judgment of the district court dismissing appellant's suit for want of jurisdiction is affirmed.

PHILLIPS, C. J., not sitting.