**In the Interest of Joseph Gabriel DICKINSON, a Child.**

No. 07-91-0299-CV.

Court of Appeals of Texas, Amarillo.

April 30, 1992.

Crenshaw, Dupree & Milam, W.C. Bratcher and Mark O. Blankenship, Lubbock, for appellant.

Hinojosa & Powell, George P. Powell, McAllen, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

BOYD, Justice.

Appellant Terry Dickinson Rainey brings this appeal from the trial court's order dismissing, for want of jurisdiction, her motion to have appellee Richard Dickinson held in contempt for an alleged failure to pay child support. We affirm the judgment of the trial court.

In a divorce decree, signed March 17, 1977, appellee was ordered to pay to Joseph G. Dickinson child support in the amount of $220 per month. The payments were to begin on March 1, 1977, and continue until the child reached the age of eighteen years or was otherwise emancipated. Joseph was born on May 9, 1972.

On December 13, 1989, the trial court entered an order finding, in what were denominated as "counts," that appellee had failed to make 87 child support payments, totaling $19,110.00, although he was able to do so. In its order, the trial court found appellee in contempt for failure to pay the payments described in the first five counts (totaling $1,100.00), and ordered his confinement until he paid that amount. Concomitantly, the court found that appellee had paid the $1,100.00 and "no fine or imprisonment is necessary."

After it had made this finding, the court went on to say that it was entering judgment against appellee in favor of appellant for the remainder of the arrearages in child support in the amount of $18,010.00, plus interest on that amount at 10 per cent per annum, compounded annually.

In regard to that amount, and, in pertinent part, the court ordered that appellee pay the $18,010.00 through the Lubbock County Child Support Division, in installments of $1,000, with the first installment being due "on the 1st day of each quarter beginning on July 1, 1990, and continuing in the same amount and frequency every three (3) months thereafter, until Respondent [appellee] has paid the full arrearage of $18,010.00." Thus, the last payment would be payable in approximately January of 1995.

On May 9, 1990, the child turned eighteen. In June 1991, appellant, alleging appellee was failing to comply with the order, filed a motion to enforce the December 13, 1989 order by contempt. In response to appellant's point of error, appellee asserts that the trial court properly dismissed appellant's motion for contempt because the motion was filed more than six months after the child turned eighteen and the court had no jurisdiction to enter a contempt order.

Texas Family Code Section 14.40 [1] provides for enforcement of child support orders by contempt. In relevant part, subsection (b) of that statute provides:

(b) Time Limitations. The court retains jurisdiction to enter a contempt order if a motion for contempt for failure to comply with a court's child support order is filed within six months after:

(1) the child becomes an adult; or

(2) the date on which the child support obligation terminates pursuant to the decree or order or by operation of law.

In support of her point, appellant contends that the order of December 13, 1989, extended the child support obligations until

---

**1.** References hereinafter made to section numbers are to those sections of the Texas Family Code.

January 1995, so that the court retained jurisdiction, pursuant to § 14.40(b), until six months after that date and would have jurisdiction to enter a contempt finding.

The general rule is that a court may not order child support payments be made after the child turns eighteen. Section 14.-05(a), (b) (Vernon Supp.1992); *Ex parte Williams*, 420 S.W.2d 135 (Tex.1967). However, the statute provides an exception to that general rule in that a court may order such payments to be made after the child turns eighteen if the child is fully enrolled in an accredited secondary school in a program leading toward a high school diploma or if the child is disabled. In the instant case, appellant has not alleged such an exception.

Section 14.41 provides that upon proper motion by an obligee, judgment may be rendered against an obligor for any amount of child support unpaid and owed. The effect of the court order of December 13, 1989, was to render judgment in favor of appellant directing appellee to pay her the $18,010.00 it found to be the amount of delinquent child support.

■ The remedies for delinquent child support which may be pursued by an obligee of either pursuing contempt under § 14.40, or obtaining a judgment for arrearage under § 14.41, are separate and distinct. *Ex parte Wilbanks*, 722 S.W.2d 221, 225 (Tex.App.—Amarillo 1986, no writ). However, pursuance of the remedy of a judgment for arrearage does not exclude enforcement of the same obligation by contempt. *Ex parte Shaver*, 597 S.W.2d 498, 500 (Tex.Civ.App.—Dallas 1980, no writ).

■ The remedies for pursuance of delinquent child support provided by §§ 14.40 and 14.41 are remedies only, they do not impose a legal liability on an obligee to support his child, the obligation was created by the divorce decree fixing the child support. *See Ex parte Wilbanks*, 722 S.W.2d at 224. Section 14.40(b) provides a definitive time within which the liability created by the divorce decree may be enforced by contempt proceedings. It does not affect substantive rights; it merely affects the remedy by defining the limitation period within which the substantive right created by the divorce decree or other pertinent order of the court pertaining to child support may be enforced by contempt proceedings.

That being true, the provision in the arrearage judgment making the last payment under that judgment due in January 1995, did not extend the time within which that remedy might be enforced by contempt proceedings.

We do note the Court's decision in *Ex parte Hooks*, 415 S.W.2d 166 (Tex.1967), in which it stated that a father could be held in contempt for failure to pay arrearages accrued prior to a child reaching the age of eighteen, through such proceedings instituted after the child reached the age of eighteen. However, at that time the applicable statute did not limit the period in which to bring a contempt proceeding and the Court made reference to that fact. *Id.* at 167.

In the instant case, while the arrearages accrued before the child turned eighteen, appellant did not file her contempt motion within the six-month period after Joseph Gabriel Dickinson turned eighteen required by the present statute.

The rationale of the *Hooks* decision is inapposite to the question before us. The legislature, by enacting the present statute limiting contempt jurisdiction to proceedings instituted within six months after the child becomes an adult or the child support obligation terminates, has expressed its intention that generally, contempt must lie, at the latest, within six months of the child turning eighteen.

■ To hold that contempt jurisdiction might be extended by ordering a payment schedule, on accrued arrearages, could result in contempt proceedings being brought at an almost infinite period of time after the child had reached adulthood, an obvious abrogation of the legislature's intent. *Cf. Ex parte Hooks*, 415 S.W.2d 166, 174 (Tex. 1967) (Calvert, C.J., dissenting, Greenhill & Steakley, JJ., joining in the dissent; expressing concern over the potential tempo-

ral extent of a parent's exposure to contempt for failure to pay arrearages).

We find that the trial court acted correctly in determining it had no jurisdiction to enforce its arrearage judgment by contempt proceedings instituted beyond the period delineated by section 14.40(b). Appellant's point of error is overruled and the trial court order of dismissal affirmed.