Ex parte Francis Joseph BEAUPRE.

No. 2–95–085–CV.

Court of Appeals of Texas,
Fort Worth.

Feb. 1, 1996.

James Murphy, Dallas, for appellant.

Melissa J. Wade, Pamela Dunlop, Domestic Relations Office, Fort Worth, John Clark, Goodman & Clark, Arlington, for appellee.

Before CAYCE, C.J., and DAY and BRIGHAM, JJ.

## OPINION

BRIGHAM, Justice.

Relator Francis Joseph Beaupre seeks habeas corpus relief after being held in con-

tempt of court for the nonpayment of child support. We deny the requested relief.

## BACKGROUND

Beaupre and Sharon Hudson Beaupre were divorced in 1984. Sharon Hudson Beaupre was named managing conservator of the couple's two children, Francis James Beaupre and Julia Veronica Beaupre. The child support portion of the divorce decree provided as follows:

> IT IS DECREED that FRANCIS JOSEPH BEAUPRE pay to SHARON HUDSON BEAUPRE child support in the amount of $800.00 per month, in two installments per month of $400.00 each, with the first installment being due and payable on October 15, 1984, and a like installment being due and payable on each 1st and 15th day of the month thereafter until the date the youngest child reaches the age of 18 years.

The couple's older child, Francis James Beaupre, turned 18 years of age on July 7, 1989. The younger child turned 18 years of age on July 29, 1992. On March 11, 1992, the Domestic Relations Office of Tarrant County, Texas filed a *Motion to Enforce Order by Contempt, By Section 14.43 Withholding from Earnings, For Section 14.41 Withholding From Earnings for Child Support Judgment and With Notice for Hearing* on behalf of both of the Beaupre children. After a hearing on June 30, 1992, the trial court found Beaupre had failed to make seven installments of child support. The trial court signed an order on July 10, 1992, requiring Beaupre to pay the $21,125.00 arrearage which had accrued under various child support orders. The order also required Beaupre to serve concurrent 180–day jail terms for each of the seven violations but probated the incarceration for five years.

On November 9, 1994, the Domestic Relations Office filed a *Motion to Revoke Probation,* claiming that Beaupre failed to make the support and arrearage payments required under the July 1992 order. The trial court held hearings on April 10 and 11, 1995, and determined that Beaupre failed to pay the $600.00 arrearage that was due on June 1, 1994. The trial court revoked Beaupre's probation and remanded him to the custody of the Tarrant County Sheriff. On May 16, 1995, Beaupre filed his Original Petition for Habeas Corpus, and on May 18, 1995, Beaupre posted a bond for release under this court's order.

## THE SUSPENDED CONTEMPT JUDGMENT

Beaupre complains that the April 11, 1995 order revoking his probation is void because the July 10, 1992 suspended contempt judgment which the trial court found Beaupre violated is void. He brings four major arguments regarding the July 10, 1992 order and two additional complaints about the April 11, 1995 order.

■ Beaupre first contends that the July 1992 suspended contempt judgment is improperly premised upon child support orders that had been superseded by later and different orders of the trial court. He contends the conflicting orders render the child support provisions sought to be enforced vague and indefinite, and he cannot know what duties and obligations are required of him regarding the amount he must pay when his children reached majority.

The divorce decree, dated October 11, 1984, ordered:

> FRANCIS JOSEPH BEAUPRE pay to SHARON HUDSON BEAUPRE child support in the amount of $800.00 per month, in two installments per month of $400.00 each, with the first installment being due and payable on ... each 1st and 15th day of the month thereafter *until the date the youngest child reaches the age of 18 years.* [Emphasis added.]

The language in the divorce decree varies from that used in an October 18, 1984 *Order of Release From Commitment and Reinstatement of Probation:*

> Francis Joseph Beaupre shall pay the sum of $800.00 per month for the support of his minor children, Francis James Beaupre and Julia Veronica Beaupre, said payments to be made in semi-monthly installments of $400.00 each, the first such payment shall be paid on or before October 15, 1984, and a second payment on

November 1, 1984, and a third $400.00 payment on November 15, 1984 and like installments on the 1st and 15th day of each month thereafter *until each of said children shall reach the age of 18 years.* [Emphasis added.]

A corrected divorce decree was signed by the trial court on November 2, 1984:

FRANCIS JOSEPH BEAUPRE [shall] pay to SHARON HUDSON BEAUPRE child support in the amount of $800.00 per month, in two installments per month of $400.00 each, with the first installment being due and payable on October 15, 1984, and a like installment being due and payable on each 1st and 15th of the month thereafter *until the date the youngest child reaches the age of 18 years.* [Emphasis added.]

Finally, an *Order of Release from Commitment and Reinstatement of Probation* dated May 15, 1985 read as follows:

FRANCIS JOSEPH BEAUPRE shall pay the sum of $800.00 per month for the support of his minor children, FRANCIS JAMES BEAUPRE and JULIA VERONICA BEAUPRE, said payments to be made in semi-monthly installments of $400.00 each, the first such payment shall be paid on or before October 15, 1984, and a second payment on November 1, 1984, and like installments on the 1st and 15th days of each month thereafter *until each of said children shall retain the age of 18 years.* [Emphasis added.]

Beaupre cites *Ex parte Slavin,* 412 S.W.2d 43 (Tex.1967), where the court held that a divorce decree requiring child support for three children until they should attain the age of 18 was ambiguous as to the child support obligation when the oldest child reached 18. *Id.* at 44. We note, however, that the October 18, 1984 and May 15, 1985 probation orders did not modify the divorce decrees. They were not part of any of the

proceedings which resulted in the commitment presently at issue. The language Beaupre contends is vague and indefinite consists of the use of "reach" in the 1984 probation order and the use of "retain" in the 1985 probation order. The 1992 probation order contains clear and unambiguous language; we reject Beaupre's assertion that the differences in the 1984 and 1985 orders result in a 1992 order too vague to support confinement for contempt.

■ Beaupre next argues that the 1992 contempt judgment is void because it found him in contempt for violations occurring on six separate dates, each of which occurred more than six months after Beaupre's older child turned age 18. Beaupre contends these violations are barred by section 14.40(b) of the Texas Family Code which provides that regarding enforcement of child support orders by contempt:

(b) Time Limitations. The court retains jurisdiction to enter a contempt order if a motion for contempt for failure to comply with a court's child support order is filed within six months after:

(1) the child becomes an adult; or

(2) the date on which the child support obligation terminates pursuant to the decree or order or by operation of law.

*See* TEX.FAM.CODE ANN. § 14.40(b) (Vernon 1986)[1].

Beaupre asserts that, because the trial court's 1992 judgment did not specify which child the contempt pertained to, the entire judgment is void. His argument presupposes the child support obligation is $400.00 per month per child; we read the child support obligation as $800.00 per month with no breakdown of an amount per child. The *Motion to Enforce* was filed more than six months after the older child's 18th birthday, but before the younger child turned 18 years

---

**1.** On April 20, 1995, the Texas Legislature recodified the Texas Family Code by re-enacting Title 2 and adding Title 5., Act of April 20, 1995, ch. 20, § 1, 1995 Tex.Sess.Law Serv. 113 (Vernon). The recodification was effective immediately. *Id.* at 282. A proceeding pending on the effective day of the act is governed by the law in effect at the time the proceeding was commenced. *Id.*

Because this contempt proceeding began before April 20, 1995, we cite to TEX.FAM.CODE ANN. § 14.40(b) (Vernon 1986). For the current version, see TEX.FAM.CODE ANN. § 157.005 (Vernon Pamph.1996). *See also Ex parte Tanner,* 904 S.W.2d 202, 204 n. 2 (Tex.App.—Houston [14th Dist.] 1995, orig. proceeding).

of age. Beaupre never appealed the child support orders, and the district court had jurisdiction to find him in contempt for any missed installment on child support if the *Motion to Enforce* was filed within six months after the younger child turned 18 years of age. Because the *Motion to Enforce* was filed before Beaupre's child support obligation concluded, the trial court retained jurisdiction.

■ Beaupre next argues that the portion of the 1992 judgment which placed him on probation for any period after the younger child turned 18 is void for want of continuing jurisdiction over the parties and subject matter. He claims that the trial court improperly extended its jurisdiction past the younger child's 18th birthday by placing Beaupre on five years' probation in 1992, the same year the younger child turned 18. We disagree. We have already determined that the child support order required Beaupre to pay $800.00 per month, rather than $400.00 per month per child. The trial court was permitted to place Beaupre on probation for up to five years, *see* TEX.FAM.CODE ANN. § 14.40(e) (Vernon 1986)[2], and did so before losing jurisdiction. Section 14.40(b)[3] of the Texas Family Code provides a definitive time frame within which the liability for child support created by the divorce decree may be enforced through contempt proceedings. *In re Dickinson*, 829 S.W.2d 919, 921 (Tex.App.—Amarillo 1992, orig. proceeding). The relevant section of the Family Code does not affect substantive rights; it affects the remedy by defining the limitation period within which the substantive right may be enforced. *Id.*

Beaupre cites *Dickinson* to further his assertion that contempt jurisdiction cannot be extended by ordering a payment schedule beyond the age of majority of the children. Although the *holding* in that instance superficially supports his assertion, our sister court's reasoning does not. Habeas relief in *Dickinson* was denied because the contempt motion itself was not filed within the six-month period after the child turned 18. *Id.*

In the instant situation, the *Motion to Enforce* was timely filed, and the trial court properly limited the probationary period to five years. Because we find the trial court entered the contempt order before the child support obligation terminated, Beaupre's liability for the support payments and arrearage continued. *See also Ex parte Walker*, 739 S.W.2d 415, 417 (Tex.App.—Amarillo 1987, orig. proceeding) (op. on reh'g).

Beaupre also complains that the portion of the *Suspended Contempt Judgment* which required him to liquidate $21,125.00 in arrearages is void for three reasons: (1) the arrearage included a former arrearage for temporary child support in the amount of $7,422.66, which was reduced to judgment in the 1984 divorce decrees, and therefore subjects him to imprisonment for debt in violation of the Texas Constitution; (2) the $7,422.66 arrearage had already been reduced to judgment, therefore the contempt proceeding constitutes multiple punishments for the same offense; and (3) the *Suspended Contempt Judgment* subjects Beaupre to imprisonment for failure to pay arrearages for which he was not found guilty, thus depriving him of due process of law.

The $7,422.66 sum was temporary support, stemming from the time during which the divorce was pending. The *Motion to Enforce*, filed on March 11, 1992, alleged that Beaupre failed to make forty-six payments of $400.00 each between April 15, 1990 and March 1, 1992, in addition to alleging Beaupre had failed to pay the $7,422.66 temporary support arrearage. It is clear to us that the $7,422.66 in temporary child support that was owed was not included in the $18,325.00 arrearage calculated on March 10, 1992 or the $20,245.85 arrearage calculated on April 11, 1995, the date on which Beaupre's probation was revoked. The *Motion to Enforce* complains of Beaupre's failure to pay the $7,422.66 in a separate paragraph. We reject Beaupre's contention that the portion of the suspended contempt judgment requiring him to rebate $21,125.00 in arrearages includes the $7,422.66 already addressed in earlier judgments or orders. He

---

2. Now TEX.FAM.CODE ANN. § 157.212 (addressing community supervision).

3. Now TEX.FAM.CODE ANN. § 157.005(a).

has not been subjected to multiple punishments for the same offense, imprisoned for debt, or denied due process of law. We conclude that the suspended contempt judgment was valid.

### THE PROBATION REVOCATION ORDER

■ Beaupre next brings two complaints about the probation revocation order. He first asserts that there is nothing in the record to indicate that he was ever served with a copy of the 1992 suspended contempt judgment that he allegedly violated. Thus, he contends, he has not received proper notice of the accusation against him. He maintains there is nothing in the record to show that the trial court complied with the Texas Code of Criminal Procedure:

> The court having jurisdiction of the case shall determine the terms and conditions of probation and may, at any time, during the period of probation alter or modify the conditions; provided, however, that the clerk of the court shall furnish a copy of such terms and conditions to the probationer, and shall note the date of delivery of such copy on the docket.

*See* TEX.CODE CRIM.PROC.ANN. art. 42.12, § 11(a) (Vernon Supp.1992).[4] According to Beaupre, revocation of his probation, without a showing that he was provided notice of the terms and conditions of his probation, deprived him of liberty without due process of law.

Beaupre cites no authority for his assertion that the notice provisions of article 42.12 apply to child support probation orders issued under section 14.40(e) of the Family Code. Assuming, without deciding, that article 42.12 applies here, Beaupre has failed to show that the probation orders of the *Suspended Contempt Judgment* were ever altered or modified and that article 42.12, section 11(a) applies in the instant situation. Given that the *Suspended Contempt Judgment* recites that Beaupre and his attorney were present during the proceeding and that the order and conditions of probation were pronounced on the date of the hearing, we conclude the absence of proof in the record of

compliance with the article 42.12 notice provisions does not void the judgment. *See also Ex parte Bowers*, 886 S.W.2d 346, 348–49 (Tex.App.—Houston [1st Dist.] 1994, orig. proceeding).

■ Finally, Beaupre complains that the order appears to keep him in jail without regard to any reduction for "good time." The order revoking Beaupre's probation states:

> It is ADJUDGED, DECREED AND ORDERED that the probated and suspended commitment of the Respondent FRANCIS JOSEPH BEAUPRE, be revoked and IT IS ORDERED that Respondent be committed to the Tarrant County Jail for the 180 calendar days previously imposed.
>
> IT IS ORDERED FURTHER that Respondent remain in the Tarrant County Jail until the full jail term assessed above is served or until further order of the Court, whichever shall occur first.

We do not read the trial court's order that Beaupre serve 180 calendar days as an attempted restriction by the trial court on the sheriff's discretion under article 42.032 of the Code of Criminal Procedure governing good conduct time. *See* TEX.CODE CRIM.PROC.ANN. art. 42.032 (Vernon Supp.1996); *Ex parte Hall*, 838 S.W.2d 674, 676–77 (Tex.App.— Dallas 1992, orig. proceeding). We therefore reject Beaupre's complaint that the revocation order is invalid.

Accordingly, the habeas corpus relief sought by Beaupre is denied, and he is remanded to the custody of the Sheriff of Tarrant County.

---

4. *See* Act of June 16, 1991, 72nd Leg., R.S., ch. 572, § 2, 1991 Tex.Gen.Laws 2030–31.