**In re John Melvin CANNON.**

No. 04–99–00146–CV.

Court of Appeals of Texas,
San Antonio.

April 29, 1999.

Joe Villarreal, Jr., Law Offices of Joe Villarreal, Jr., Inc., San Antonio, for Appellant.

Steven A. Sinkin, Law Offices of Sinkin & Barretto, P.L.L.C., San Antonio, for Appellee.

Before PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice, PAUL W. GREEN, Justice.

## OPINION

Opinion by: PAUL W. GREEN, Justice.

This petition for writ of mandamus questions the trial court's personal and subject-matter jurisdiction to confirm child support arrearages and to issue an arrest warrant. We grant the petition because subject-matter jurisdiction was not established.

In 1981, John and Kathy Cannon were divorced, and John was ordered to pay child support for his son and daughter. In 1988, John moved to Florida and stopped paying child support. In 1999, after the children reached eighteen years of age, Kathy filed a motion to enforce child support, seeking to hold John in contempt and to confirm arrearages. John responded with a special appearance and motion to dismiss for lack of jurisdiction, which the trial court denied. The court also confirmed arrearages; rendered judgment for $65,193, plus interest and attorney's fees; and issued a capias for John's arrest.

1. In the trial court, Kathy argued that personal jurisdiction was based on section 159.201. This section, however, pertains to suits brought under the Uniform Interstate Family Support Act for collection of foreign decrees. *See Link v. Alvarado,* 929 S.W.2d 674, 676 (Tex.App.—San Antonio 1996, writ denied). Nonetheless, the provisions of section 159.201

## Discussion

Mandamus issues only to correct a clear abuse of discretion or a violation of a duty imposed by law when there is no other adequate remedy at law. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992). Mandamus may be used to challenge orders that are void for lack of personal or subject-matter jurisdiction. *In re Garza,* 981 S.W.2d 438, 440 (Tex.App.—San Antonio 1998, orig. proceeding). Additionally, in cases involving child support, mandamus is appropriate to review the trial court's ruling on a special appearance or motion to dismiss. *White v. Blake,* 859 S.W.2d 551, 561 (Tex.App.—Tyler 1993, orig. proceeding); *cf.* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(7) (Vernon Supp.1999) (permitting interlocutory appeal of special appearance except in suits brought under the Family Code.)

### Special Appearance/Personal Jurisdiction

John contends the trial court lacked personal jurisdiction. We disagree. John's divorce decree gave the trial court continuing, exclusive jurisdiction over "the parties and matters" to the extent provided by the Family Code. *See* TEX. FAM.CODE ANN. § 155.002 (Vernon 1996); *see also id.* § 155.003, § 155.004(b). John's move to Florida did not affect the court's personal jurisdiction. *See Hutchings v. Biery,* 723 S.W.2d 347, 349 (Tex.App.—San Antonio 1987, orig. proceeding).[1] Therefore, the trial court did not abuse its discretion in denying John's special appearance.

### Motion to Dismiss/Subject-matter Jurisdiction

John also contends the trial court lacked subject-matter jurisdiction to confirm ar-

are almost identical to those of the Family Code's long-arm statute, which would satisfy personal jurisdiction in this case. *Compare* TEX. FAM.CODE ANN. § 159.201 (Vernon Supp. 1999), *with id.* § 102.011(b); *see also id.* § 102.011(b)(4) (establishing personal jurisdiction if the person resided with the child in Texas).

rearages for his son or to hold him in contempt. We agree.

## 1. Arrearages

■ A trial court "retains jurisdiction to confirm" arrearages if a motion requesting a monetary judgment is filed "not later than the fourth anniversary after the date ... on which the child support obligation terminates." TEX. FAM.CODE ANN. § 157.005(b)(2) (Vernon 1996); *see also Carlson v. Carlson,* 983 S.W.2d 304, 308 (Tex.App.—Houston [1st Dist.] 1998, no pet.) (applying provision to each child).[2] Here, the divorce decree ordered John to pay child support until each child reached the age of eighteen. Because John's son became eighteen on December 12, 1993, a motion related to his child support was due by December 12, 1997. Because John's daughter turned eighteen on January 2, 1998, a motion related to her child support was due by January 2, 2002. Kathy filed her motion on January 14, 1999.

■ Kathy's motion did not timely invoke the trial court's jurisdiction to confirm arrearages for her son, although the motion timely invoked the court's jurisdiction to confirm arrearages for her daughter. Thus, the trial court abused its discretion in denying John's motion to dismiss as it related to his son's child support. Furthermore, the court abused its discretion in rendering an arrearage judgment that did not differentiate between the sums due for each child. *Cf. Ex parte Rogers,* 820 S.W.2d 35, 38 (Tex.App.—Corpus Christi 1991, orig. proceeding) (voiding entire order for failing to segregate enforceable and unenforceable obligations).

## 2. Contempt

■ A trial court "retains jurisdiction to render a contempt order" if a motion for enforcement of child support is filed "not later than the sixth month after the date ... on which the child support obligation terminates." TEX. FAM.CODE ANN. § 157.005(a)(2) (Vernon 1996); *see also Rogers,* 820 S.W.2d at 37 (applying provision to each child).[3] Because Kathy's motion for contempt was filed in January 1999, more than six months after her children reached the age of eighteen, her motion did not invoke the trial court's contempt jurisdiction.

Although the court did not rule on Kathy's contempt motion, it issued a capias for John's arrest. *See* TEX. FAM.CODE ANN. § 157.066 (Vernon 1996); *see id.* § 157.114. The court, however, lacked jurisdiction to order an arrest warrant because it lacked jurisdiction over the contempt motion. *Cf. Ex parte Rosser,* 899 S.W.2d 382, 387 n. 13 (Tex.App.—Houston [14th Dist.] 1995, orig. proceeding) (noting capias was void when issued to enforce void contempt order). Thus, the trial court abused its discretion in issuing the capias.

### Conclusion

We deny the petition for writ of mandamus to the extent it challenges the trial court's denial of John's special appearance. We grant the remainder of the petition for writ of mandamus and, by separate order, direct the trial court to vacate its orders denying John's motion to dismiss, confirming arrearages, and issuing a capias for John's arrest.

---

**2.** Section 157.005 limits the trial court's power to hear a case; it is not a statute of limitations. *In re Kuykendall,* 957 S.W.2d 907, 911 (Tex.App.—Texarkana 1997, no pet.); *Sandford v. Sandford,* 732 S.W.2d 449, 451 (Tex. App.—Dallas 1987, no writ). Furthermore, the time restraints of section 157.005 are unrelated to the time restraints for the income

withholding remedy. *In re Digges,* 981 S.W.2d 445, 446 n. 1 (Tex.App.—San Antonio 1998, no pet.).

**3.** This provision applies to domestic orders. *Omick v. Hoerchler,* 809 S.W.2d 758, 760 (Tex.App.—San Antonio 1991, writ denied).