Opinion issued June 28, 2007








 



 






In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00094-CV

____________


IN RE LOUIS CHARLES MUNKS, JR., Relator 






Original Proceeding on Petition for Writ of Habeas Corpus






O P I N I O N


 Relator, Louis Charles Munks, Jr., requests habeas corpus relief from a
February 7, 2007 trial court (1) "Order Holding Respondent in Contempt for Failure to 
Pay Child Support and for Commitment and Judgment for Unpaid Child Support." 
In his sole ground for relief, relator asserts that he is illegally restrained under this
order because the trial court lacked jurisdiction to enter an order of contempt,
pursuant to Texas Family Code section 157.005(a). See Tex. Fam. Code Ann.
§ 157.005(a) (Vernon Supp. 2006). 

 We grant relief.

Facts

 Relator and real party in interest, Barbara Jean Rougeau, had a child, K.L.M.,
in 1984 and became divorced in 1987. Pursuant to the divorce decree, relator was
ordered to pay child support to Rougeau in the amount of $300 per month, beginning
on March 20, 1987 and continuing until K.L.M. reached the age of eighteen. 

 On April 10, 1988, after determining that relator had missed support payments,
the trial court ordered relator to pay $2,850 in arrears--$1,000 in lump sum and
$1,850 in 24 monthly installments of $77.08, beginning July 1, 1988 and with a like
payment being due each month thereafter until paid in full.

 On September 10, 1992, after determining that relator had additional missed
payments, the trial court ordered relator to pay $1,500 in lump sum and the balance
in $50 monthly installments, beginning September 20, 1992 and with a like payment
being due each month thereafter until paid in full.

 Ten years later, on May 15, 2002, after finding that relator had further missed
child support and arrearage payments, the trial court entered an "Order Holding
Respondent in Contempt for Failure to Pay Child Support, granting Judgment for
Arrearages, and for Commitment to County Jail." Relator was held in criminal
contempt and assessed 60 days' confinement for each of 12 missed payments in year
2000, to begin June 8, 2002 and to be satisfied concurrently. In addition, relator was
held in civil contempt and ordered to remain confined until he paid $2,000 in lump
sum to Rougeau; $3,000 in attorney's fees; $249 in court costs; and, an "arrearage of
$35,565.43 plus post-judgment interest" to Rougeau "in the amount of $500 per
month, with the first payment being due and payable on June 1, 2002, and a second
payment being due and payable on July 1, 2002 and thereafter a like payment being
due [each month] until the full amount of $35,565.43 plus post-judgment interest at
6% is paid in full." Further, Rougeau was awarded a "cumulative judgment" against
relator for the sum of $37,565.43. 

 The day after the order was signed, on May 16, 2002, K.L.M. turned eighteen
years of age. By the end of May 2002, K.L.M. had graduated from high school. 

 Four-and-a-half years later, on November 22, 2006, Rougeau filed a "Motion
for Enforcement by Contempt of Child-Support and Arrearage Order," alleging that
relator had failed to make the $500 monthly payments due on the arrearage from
September to November 2006, as ordered in the 2002 order. 

 On February 7, 2007, after a hearing, the trial court held relator in contempt for
failing to make the $500 monthly payments due on the arrearage on five occasions,
from September 1, 2006 to January 1, 2007, and ordered relator confined, beginning
April 7, 2007, for 60 days for each separate violation. In addition, the trial court
ordered that, after such punishment is served, relator is to remain confined "day-to-day" until he pays $3,271 in arrears, $2,000 in attorney's fees, and costs. Further, the
trial court confirmed the amount of the arrearage and awarded a judgment in favor of
Rougeau for $19,402.46, plus interest, attorney's fees, and costs.

 On February 9, 2007, relator filed this petition for writ of habeas corpus. The
same day, relator filed a motion for emergency relief, requesting release from
confinement while this application is pending, which we granted.

Standard of Review

 The purpose of a habeas corpus proceeding is not to determine the ultimate
guilt or innocence of the relator, but only to ascertain whether the relator has been
unlawfully confined. Ex parte Gordon, 584 S.W.2d 686, 688 (Tex. 1979). In a
habeas corpus proceeding, the order or judgment challenged is presumed to be valid
until the relator has discharged his burden of showing otherwise. Ex parte Occhipenti,
796 S.W.2d 805, 809 (Tex. App.--Houston [1st Dist.] 1990, orig. proceeding). A
relator bears the burden to show that the contempt order is void and not merely
voidable. In re Pruit, 6 S.W.3d 363, 364 (Tex. App.--Beaumont 1999, orig.
proceeding). We may order the contemnor released only if the judgment is void
because of a lack of jurisdiction or because the contemnor was deprived of liberty
without due process of law. In re Butler, 45 S.W.3d 268, 270 (Tex. App.--Houston
[1st Dist.] 2001, orig. proceeding). The relator must bring forward an adequate
record to establish the invalidity of the order of which he complains. See Tex. R.
App. P. 52.7(a). 

Jurisdiction In his sole ground for relief, relator asserts that he is illegally restrained under
this order because the trial court lacked jurisdiction to enter an order of contempt,
pursuant to Texas Family Code section 157.005(a). See Tex. Fam. Code Ann.
§ 157.005(a). 

 Family Code section 154.001 provides, as pertinent here, that a trial court may
order a parent to support a child until the child is 18 years of age or until graduation
from high school, whichever occurs later. Id. § 154.001. Family Code section
157.005(a) provides that a trial court has jurisdiction to render an order of contempt
for failure to comply with an order to support a child, as follows:

 (a) The court retains jurisdiction to render a contempt order for
failure to comply with the child support order if the motion for
enforcement is filed not later than the sixth month after the date:

 (1) the child becomes an adult; or

 (2) on which the child support obligation terminates under the
order or by operation of law.


Id. § 157.005(a). 

 Here, relator contends that his monthly child support obligation under the
divorce decree ended in May of 2002, when K.L.M. turned 18 years of age and
graduated from high school. Relator contends that, pursuant to section 157.005(a),
Rougeau was required to file any motion to enforce his obligations by contempt
within six months of that date, or November 2002. Rougeau filed her motion for
enforcement over four years later, on November 22, 2006. Hence, relator contends,
Rougeau's untimely motion for enforcement did not invoke the trial court's contempt
jurisdiction, citing In re Cannon, 993 S.W.2d 354, 356 (Tex. App.--San Antonio
1999, orig. proceeding). Therefore, contends relator, the trial court lacked 
jurisdiction to order his confinement.

 On the other hand, Rougeau contends that the trial court retained jurisdiction
to issue a contempt order, pursuant to Texas Family Code sections 101.003 and
157.269. Tex. Fam. Code Ann. §§ 101.003(b), 157.269 (Vernon Supp. 2006). 
Section 101.003 defines a "child," in the context of support, as including "a person
over 18 years of age for whom a person may be obligated to pay child support." Id.
§ 101.003(b) (emphasis added). Section 157.269 defines the jurisdiction of a court
in terms of child support arrearages, as follows: "A court that renders an order
providing for the payment of child support arrearages retains jurisdiction until all
current support and medical support and child support arrearages, including interest
and any applicable fees and costs, have been paid." Id. § 157.269. Rougeau contends
that, pursuant to section 157.269, the trial court retained jurisdiction to render a
contempt order against relator because the court maintains jurisdiction until relator
has paid all amounts owed, without regard to whether K.L.M. has become an adult,
pursuant to section 101.003(b). 

 The record shows that, on November 26, 2006, Rougeau sought to enforce
payments due on the arrearages, as confirmed in the 2002 order, as follows: 

 7. [Relator] has violated the order signed on May 12 [sic], 2002, and
is in contempt of court as follows:

 7.1 [Relator] is in contempt of court for failing to timely pay to
[Rougeau] the full amount of child support arrearage due
in the amount of $2,255.40; including interest in the
amount of $15.11; for a total amount of $2,270.51 as
ordered by this court. 


 In its February 7, 2007 order, the trial court found that relator failed to make
payments as ordered on the arrearage on five occasions ranging from September 1,
2006 to January 1, 2007. It seems clear that it would not have been possible for
Rougeau to have filed a motion for enforcement by November of 2002 to recover
payments that relator subsequently missed in 2006 and 2007. 

 However, Family Code section 157.005(a) clearly limits a trial court's
jurisdiction to render an order of contempt for failure to comply with a support order

to those circumstances in which the motion for enforcement is filed not later than the
sixth month after the date the child becomes an adult or on which the child support
obligation terminates under the order or by operation of law. Id. § 157.005(a). Here,
pursuant to the 1987 divorce decree, relator's obligation to continue providing new
monthly support for K.L.M. terminated once she reached age 18. K.L.M. became 18
in May 2002. Rougeau's motion, filed in November 2006, was not timely under the
statute and thus the trial court lacked jurisdiction to render an order of contempt. See
id.; Cannon, 993 S.W.3d at 356.

 Although relator's payments on the arrearage have extended beyond K.L.M.'s
eighteenth birthday, the trial court's jurisdiction to enforce the obligation by contempt
is not extended. See In re Dickinson, 829 S.W.2d 919, 921 (Tex. App.--Amarillo
1992, no writ) (holding that trial court may not exercise contempt jurisdiction based
on extension of payment schedule beyond child's eighteenth birthday). In Dickinson,
the court cautioned, and we agree, that "to hold that contempt jurisdiction might be
extended by ordering a payment schedule, on accrued arrearages, could result in
contempt proceedings being brought at an almost infinite period of time after the
child had reached adulthood, an obvious abrogation of the legislature's intent." Id. (2) 

Conclusion

 We conclude that Rougeau's untimely motion for enforcement failed to invoke
the trial court's contempt jurisdiction. We hold that the February 7, 2007 order is,
therefore, void, and order relator released from confinement.

 


 Laura C. Higley

 Justice


Panel consists of Chief Justice Radack and Justices Keyes and Higley.


1. The respondent is the Honorable Bonnie Hellums of the 247th District Court of Harris
County, Texas. The underlying suit is In the Matter of the Marriage of Barbara Jean
Munks and Louis Charles Munks, Jr., and in the Interest of K. L. M., a Child, No. 86-50849 (247th Dist. Ct., Harris County, Tex.).
2. The court may render a money judgment, require relator to post bond or other
security, or withhold income. See Tex. Fam. Code Ann. § 157.162(b) (Vernon Supp.
2006); In re A.D., 73 S.W.3d 244, 246 (Tex. 2002) (orig. proceeding); Gross v. Gross,
808 S.W.2d 215, 219 (Tex. App.--Houston [14th Dist.] 1991, no writ).