Opinion issued November 18, 2008










In The

Court of Appeals

For the

First District of Texas

____________


NO. 01-08-00928-CV

____________


IN RE CLIFFORD ALAN CASEY, Relator






Original Proceeding on Petition for Writ of Habeas Corpus






MEMORANDUM OPINION Relator, Clifford Alan Casey, has filed a petition for writ of habeas corpus and
motion for temporary relief based on an alleged violation of his due process right to
counsel. (1) We deny relief.

 In his petition, relator asserts that the trial court did not admonish him of his
right to counsel at a July 21, 2008 hearing on a motion to revoke an earlier suspension
of his commitment in an earlier contempt order. Relator has not provided this Court
with a reporter's record of the July 21, 2008 hearing, which would help this Court
establish whether an attorney represented relator at this hearing, or, if he was
unrepresented, whether the trial court admonished relator at this hearing regarding his
right to counsel or obtained relator's waiver of counsel on the record. 

 In the Chronological Statement of Facts portion on his petition, relator asserts
that on November 17, 2008, the trial court conducted a compliance hearing to
determine whether to revoke relator's suspension of commitment, but did so without
making an inquiry on the record whether his failure to be represented by counsel was
voluntary or due to indigence. (pet. w/hc, p. 3). In Tab "G," Shawn Casey avows,
under oath, that (1) he is relator's father, (2) before the November 17, 2008 hearing
he represented relator, (3) after July 2008 his law license was suspended, (4) he was
at the November 17, 2008 hearing solely as a witness, which (5) he made clear to the
trial court and opposing counsel. (pet w/hc, p.3 fn.1). Relator has not provided this
Court with a reporter's record of the November 17, 2008 hearing. He states that when
he receives a transcript of the hearing, he will file it with the Clerk of the Court. (pet.
w/hc, p. x). Without such a record, we cannot evaluate relator's claim of violation of
his due process right to counsel.

 Relator has not provided this Court with a record from which to evaluate his
allegations that his due process right to counsel has been violated. In re Munks, 263
S.W.3d 270, 273 (Tex. App.--Houston [1st Dist.] 2007, orig. proceeding) (relator
must provide the reviewing court with an adequate record to establish the invalidity
of the order of which he complains); accord Tex. R. App. P. 52.7(a). We deny
relator's petition for writ of habeas corpus, without prejudice to his refiling it in the
future with an adequate supporting record. 

PER CURIAMPanel consists of Justices Taft, Higley, and Bland.
1.