**DENIED; and Opinion Filed January 8, 2015.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01620-CV

### IN RE JESSE GUNN, Relator

**Original Proceeding from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-54301-2013**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Myers, and Stoddart
Opinion by Justice Stoddart

Relator Jesse Gunn filed this petition for writ of mandamus requesting that the Court order the trial court to dismiss the child support portion of this proceeding for lack of personal jurisdiction over the relator. We **DENY** the petition.

The attorney general brought this suit to establish parentage and to obtain child support. Although the child who is the subject of this case was born in Tennessee, she has lived in Texas since four or five months after her birth. Gunn and the child's mother were never married. At the hearing on the special appearance, the child's mother testified she met Gunn in 1995 in Irving, Texas. They dated and lived together in Irving and then moved to Humble, Texas, where they lived until March or April of 1997. Although the child was conceived while the couple was living in Texas, before the child's birth the couple moved to Tennessee to pursue a better

employment opportunity for Gunn, "but after about four to five months, that didn't work out." The child was born in Tennessee during the four or five months the couple lived in Tennessee.

The mother, Gunn and the child moved back to Texas and lived together as a family in Texas until February 1999. During that time, and for some time afterward, Gunn worked in Texas. The mother lost contact with Gunn at the end of 1999 or 2000, but learned later from Gunn's grandparents that Gunn was in prison in Tennessee for armed robbery. Despite the fact that Gunn's child remained in Texas, which has been her home for the vast majority of her life, Gunn's petition states he severed all ties with Texas when he "permanently returned" to Tennessee in 2001. According to the child's mother, Gunn was released from prison in 2008 and at that time began, of his own accord, sending support checks to Texas, but stopped sending support checks in September 2014. Gunn visited the child in Texas once in 2010 or 2012 for a weekend and took her shopping. He also has attempted to maintain email contact with the child and has sent cards and birthday presents. Gunn characterizes the child as unresponsive to these attempts to maintain contact and argues he has "no relationship" with the child. There is no dispute that Gunn presently resides in Tennessee, does business only in the state of Tennessee, and is not presently involved in decision making concerning the child.

Ordinarily, to obtain mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.,* 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Gunn has not established that the trial court has clearly abused its discretion. Because we conclude the trial court has not clearly abused its discretion, we need not decide whether appeal from final judgment provides an adequate remedy for the denial of a plea to the jurisdiction in a family law case, an action not subject to interlocutory appeal under section 51.014(a)(7) of the civil practices and remedies code. *Compare CHEK Investments, L.L.C. v. L.R.,* 260 S.W.3d 704, 706 (Tex. App.—Dallas

2008, no pet.) (Exception from special grant of interlocutory appellate jurisdiction over denials of pleas to the jurisdiction in cases brought under the family code reflects legislative judgment that burdens of expense and delay caused by interlocutory appeals are less tolerable in family-law disputes and need for prompt resolution in such cases outweighs the benefits to be had from allowing interlocutory appellate review) *with In re Cannon,* 993 S.W.2d 354, 355 (Tex. App.—San Antonio 1999, orig. proceeding) (in cases involving child support, mandamus is appropriate to review the trial court's ruling on a special appearance).

A defendant challenging a Texas court's personal jurisdiction must negate all jurisdictional bases. *BMC Software Belgium, N.V. v. Marchand,* 83 S.W.3d 789, 793 (Tex. 2002) (citing *Kawasaki Steel Corp. v. Middleton,* 699 S.W.2d 199, 203 (Tex. 1985)). The long arm statute in the family code sets forth the circumstances under which a Texas trial court may exercise personal jurisdiction:

(a) In a proceeding to establish or enforce a support order or to determine parentage, a tribunal of this state may exercise personal jurisdiction over a nonresident individual or the individual's guardian or conservator if:

(1) the individual is personally served with citation in this state;

(2) the individual submits to the jurisdiction of this state by consent, by entering a general appearance, or by filing a responsive document having the effect of waiving any contest to personal jurisdiction;

(3) the individual resided with the child in this state;

(4) the individual resided in this state and provided prenatal expenses or support for the child;

(5) the child resides in this state as a result of the acts or directives of the individual;

(6) the individual engaged in sexual intercourse in this state and the child may have been conceived by that act of intercourse;

(7) the individual asserted parentage in the paternity registry maintained in this state by the bureau of vital statistics; or

(8) there is any other basis consistent with the constitutions of this state and the United States for the exercise of personal jurisdiction.

TEX. FAM. CODE ANN. § 159.201 (West 2014); *see also* TEX. FAM. CODE ANN. § 102.011 (West 2014). Because basic minimum contacts between a nonresident defendant and the forum state are essential to the constitutional exercise of personal jurisdiction over a nonresident defendant, Texas courts read the long-arm provisions of the family code as implicitly requiring the existence of such basic minimum contacts with Texas by the nonresident parent in addition to the specific circumstances set forth in the statute. *Bergdoll v. Whitley*, 598 S.W.2d 932, 934-35 (Tex. Civ. App.—Austin 1980, no writ) (construing former family code § 11.051, now § 102.011).

"For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). The focus in determining whether personal jurisdiction exists is on the contacts created by the actions of the party sued rather than contacts created by the person bringing suit. *Id; see, e.g., Kulko v. Superior Court*, 436 U.S. 84, 94 (1978) (acquiescence of the father in daughter's desire to live with mother in California did not confer personal jurisdiction on California courts); *Bergdoll*, 598 S.W.2d at 935 (fact that father married mother in Texas and children lived in Texas at time of suit not sufficient to establish minimum contacts where father had always lived in Tennessee). "[I]t is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Walden*, 134 S. Ct. at 1122.

In *Zeisler v. Zeisler*, 553 S.W.2d 927, 930-31 (Tex. Civ. App.—Dallas 1977, writ dism'd) this Court found sufficient minimum contacts to justify the exercise of personal jurisdiction where the parties married in Texas, the child was conceived and born in Texas and Texas was the last marital domicile of the parents. *Zeisler v. Zeisler*, 553 S.W.2d 927, 930-31 (Tex. Civ. App.—Dallas 1977, writ dism'd). We noted that the father's relationship with the mother

constituted purposeful activity in Texas and the father's obligation to support the child arose out of that relationship with the mother. *Id.* For that reason, the Court concluded requiring the father to respond in Texas to a suit to increase the amount of his child support payments did not offend traditional notions of fair play and substantial justice. *Id.* We noted, "Denial of jurisdiction would encourage the noncustodial parent to avoid obligations for support of children by moving to a different state where the custodial parent might encounter practical difficulties in pursuing remedies to require adequate support." *Id.*

Here we conclude Gunn's suit-related conduct gave rise to sufficient minimum contacts with the state of Texas so as not to offend traditional notions of fair play and substantial justice. The record before the trial court showed that Gunn engaged in sexual intercourse in Texas and the child was conceived in Texas. Gunn's obligation to support the child thus arose directly from those activities in Texas. Gunn and the child's mother lived together in Texas before the child was born and Gunn worked in Texas to help support the family while the child's mother was pregnant. The child returned to Texas as an infant from Tennessee with Gunn and the child's mother because Gunn's employment in Tennessee "didn't work out" and Gunn obtained another job in Texas at that time. Thus, the child's presence in Texas is a result of the couple's decision to return to Texas as a family after their brief residence in Tennessee. Gunn has visited the child in Texas once, has sent support payments to the mother in Texas for the benefit of the child for six years, and has attempted to maintain contact with the child in Texas for the last six years since his release from prison.

This is not a case in which the unilateral actions of the parent seeking to establish child support resulted in the presence of the child in the state. *See, e.g.*, *Cunningham v. Cunningham,* 719 S.W.2d 224, 228 (Tex. App.—Dallas 1986, writ dism'd) (where both parents had left Texas and established a new domicile in North Carolina, mother's unilateral removal of the child to

Texas without father's approval was not sufficient to establish any basis meeting the requirements of due process whereby Texas courts could have jurisdiction over father). Instead, Gunn by his own purposeful activity in Texas has subjected himself to suit in Texas for purposes of establishing his child support obligation. His extended physical presence in Tennessee does not diminish those contacts with Texas that gave rise to the suit for child support. We **DENY** the petition for writ of mandamus.

141620F.P05

/Craig Stoddart/

CRAIG STODDART
JUSTICE