**In the Interest of E.D. and R.D., Minor Children.**

No. 13–02–277–CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

April 10, 2003.

Charles W. Cromwell, Corpus Christi, for appellant.

Cathy Pope Clark, Assistant Attorney General, Corpus Christi, John Worley, Rhonda Pressley, Assistant Attorneys General, Child Support Division, Austin, for appellee.

Before Justices YAÑEZ, CASTILLO, and GARZA.

## OPINION

Opinion by Justice YAÑEZ.

Roosevelt Davis appeals the trial court's denial of his motion to withdraw the administrative writ of income-withholding issued by the Office of the Attorney General ("OAG") to enforce his child-support obligation. We affirm.

### Background

Pursuant to a divorce decree entered November 10, 1976, Davis was ordered to pay child support for his two children until their respective eighteenth birthdays. On March 24, 1986, the trial court entered an arrearage judgment for $7,080 in unpaid child support. On August 9, 2001, the OAG filed a notice of administrative writ of income withholding.[1] In response, appellant filed a motion to withdraw the administrative writ. On January 31, 2002, the trial court held a hearing and denied appellant's motion.

### Analysis

By one point of error, Davis contends the trial court erred by failing to: (1) withdraw the administrative writ of withholding and (2) declare the 1986 child support arrearage judgment dormant and uncollectible. Specifically, appellant argues that sections 34.001 and 31.006 of the civil practice and remedies code limit the OAG's attempts to revive the arrearage judgment. We disagree.

---

1. TEX. FAM.CODE ANN. § 158.001–.507 (Vernon 2002).

The civil practice and remedies code provides in pertinent part:

### § 34.001. No Execution on Dormant Judgment

(a) If a writ of execution is not issued within 10 years after the rendition of a judgment of a court of record or a justice court, the judgment is dormant and execution may not be issued on the judgment unless it is revived.

### § 31.006. Revival of Judgment

A dormant judgment may be revived by scire facias or by an action of debt brought not later than the second anniversary of the date that the judgment becomes dormant.

TEX. CIV. PRAC. & REM.CODE ANN. §§ 34.001(a), 31.006 (Vernon 1997). The question of whether these dormancy provisions apply to past-due child support was explicitly reserved in *In re A.D.*, 73 S.W.3d 244, 249 (Tex.2002). The Texas Supreme Court again declined to decide the question in *Sprouse v. Sprouse*, 92 S.W.3d 502, 502 (Tex.2002) (per curiam).

We are not without direction though, as intermediate appellate courts have weighed in on this issue. Three appellate courts have held that section 34.001(a)'s time limitation applies to judgments confirming arrearages, like the 1986 judgment in this case. *See In re T.L.K.*, 90 S.W.3d 833, 838–39 (Tex.App.-San Antonio 2002,

no pet.); *In re S.C.S.*, 48 S.W.3d 831, 835–36 (Tex.App.-Houston [14th] 2001, no pet.); *In re Kuykendall*, 957 S.W.2d 907, 910–11 (Tex.App.-Texarkana 1997, no pet.). In addition, the court in *In re T.L.K.* held that section 31.006's dormant judgment revival time limitation does not apply to the OAG. *See In re T.L.K.*, 90 S.W.3d at 839–40. The *In re T.L.K.* court explained, "Just as laches is not a defense against the OAG,[2] ... the limitations defense that otherwise would be available under section 31.006 is not applicable to an action brought by the OAG to enforce child support because the OAG is asserting a right of action of the state."[3] *Id.* at 840. Furthermore, section 16.061 of the civil practice and remedies code explains that a right of action of this state is not barred by section 31.006. TEX. CIV. PRAC. & REM. CODE ANN. § 16.061 (Vernon Supp.2003).

We agree with the analyses in those cases. The interpretations in those cases are "in line with the Texas Supreme Court's pronouncement ... that 'the legislature intended that the court closely supervise child support proceedings to guarantee that the best interest of the child is always considered.'" *In re Kuykendall*, 957 S.W.2d at 910 (quoting *Williams v. Patton*, 821 S.W.2d 141, 144 (Tex.1991)). The interpretations are also in line with family law commentators' views that the judgment remedy and the income-with-

---

**2.** *See Reyna v. Attorney Gen. of Texas*, 863 S.W.2d 558, 559 (Tex.App.-Fort Worth 1993, no pet.) (citing *Waller v. Sanchez*, 618 S.W.2d 407, 409 (Tex.Civ.App.-Corpus Christi 1981, no pet.)) (explaining the rationale behind the inapplicability of the doctrines of limitation, estoppel and laches is to allow governmental entities to enforce statutes to protect the general public, because violations of statutes may not come to light until some time after the violative act has occurred, and permitting the government to prosecute violators of these statutes at any time assures the welfare of the citizenry).

**3.** The OAG generally enforces child support under an assignment of the support rights. However, the Family Code clearly provides that an attorney employed to enforce the child support obligation 'represents the interest of the state and not the interest of any other party' ... [Thus,] [w]hen the OAG brings an action to enforce child support it is performing a government function. *In re T.L.K.*, 90 S.W.3d 833, 840–41 (Tex. App.-San Antonio 2002, no pet. h.) (quoting TEX. FAM.CODE ANN. § 231.109(d) (Vernon 2002)).

holding remedy for collecting current and past-due support continue indefinitely. *See In re S.C.S.*, 48 S.W.3d at 834 n. 5 (quoting JOHN J. SAMPSON & HARRY L. TINDALL, TEXAS FAMILY CODE ANNOTATED 570 (2000)).

Applying the above analysis to the facts of this case, we hold that the 1986 arrearage judgment became dormant according to section 34.001(a), but the OAG's revival of it, through the administrative writ of withholding, is not time barred by section 31.006. *See In re T.L.K.*, 90 S.W.3d at 838–40. Thus, the trial court did not err by denying appellant's motion to withdraw the OAG's administrative writ of withholding to allow the collection of past due child support. Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.