**In the Interest of V.R.N., a Child.**

**No. 11–04–00293–CV.**

Court of Appeals of Texas, Eastland.

March 23, 2006.

Cora L. Moore, Moore & Moore, Mineral Wells, for appellant.

John B. Worley, Asst. Atty. Gen., Rhonda Pressley, Asst. Atty. Gen., Chief, Appellate Litigation Section, Child Support Division, Office of the Attorney General, Austin, for appellee.

Panel consists of: WRIGHT, C.J., and McCALL, J., and, STRANGE, J.

## OPINION

RICK STRANGE, Justice.

This is a child support enforcement action instigated by the attorney general's motion to confirm child support arrearage. The trial court rendered judgment finding that appellant, Frank Novak, owed $54,253.05 in arrears. Appellant challenges that judgment on several grounds. We find no error and affirm.

### Background Facts

Frank Novak and Roxanna Novak Mitchell were divorced in 1978, and appellant was ordered to pay $200 per month in child support. In 1989, the attorney general instituted enforcement proceedings. The trial court held a hearing; and, on November 20, 1989, it found that appellant owed $25,000 in back child support and ordered him to pay the arrearage, plus 10% interest, at the rate of $100 per month until child support terminated. Thereafter, appellant's arrearage payments were to increase to $300 per month. The trial court also ordered income withholding.

The attorney general subsequently filed a notice of termination of assignment, and the trial court redirected all support payments to the mother. The attorney general later requested and the court served copies of the withholding order on appellant's employers in 1990 and 1995. Appellant's child turned eighteen on February 8, 1995. Withholding continued until 1997 and resumed again in 2002. Also in 2002, the attorney general redirected payments from the local child support registry to the state disbursement unit, and it issued a writ of withholding for $450 per month. Withholding under this writ continued until 2004.

In 2004, the attorney general moved to confirm appellant's arrears and reduce them to judgment. The trial court held a hearing and entered judgment against appellant, finding that he owed $54,253.05 in back child support.

### Issues

Appellant challenges the trial court's order with four issues. In the first two issues, appellant contends that the trial court violated the statute of limitations and unconstitutionally applied Family Code amendments retroactively by including the unpaid portion of the 1989 arrearage judgment in its calculations. Appellant also argues that interest was improperly calculated and that the trial court erroneously held that he could not raise laches as a defense. Appellant raises questions of law in all of his issues; therefore, the issues will be reviewed de novo. *Hayhoe v. Henegar,* 172 S.W.3d 642, 645 (Tex.App.-Eastland 2005, no pet.).

### Was the 1989 Arrearage Judgment Stale?

Appellant contends that the 1989 arrearage judgment became stale no later than November 15, 1999, pursuant to Section 34.001 of the Civil Practice and Remedies Code. This statute provides that, "[i]f a writ of execution is not issued within 10 years after the rendition of a judgment of a court of record or a justice court, the judgment is dormant and execution may not be issued on the judgment unless it is revived." TEX. CIV. PRAC. & REM.CODE ANN. § 34.001(a) (Vernon 1997). If a judgment becomes dormant, it may be revived for two years by scire facias or by an action of

debt. TEX. CIV. PRAC. & REM.CODE ANN. § 31.006 (Vernon 1997). Appellant contends that this provision is inapplicable because no attempt was made to enforce or revive the 1989 arrearage judgment after it became stale until the attorney general filed a motion to confirm arrearage in 2004.

The attorney general argues that child support judgments never become dormant because the Family Code authorizes withholding until all child support and child support arrearages have been paid. *See* TEX. FAM.CODE ANN. § 158.102 (Vernon 2002), § 158.502(a) (Vernon Supp.2005). The attorney general reasons that, because a writ of garnishment may not issue on a dormant judgment, *First National Bank v. Guinn,* 57 S.W.2d 880, 882 (Tex.Civ.App.-Eastland 1933, no writ), and wage withholding is comparable to a writ of garnishment, a child support judgment by necessity can never become dormant.

Alternatively, the attorney general argues that its collection efforts were sufficient to keep the judgment from becoming dormant. When the 1989 arrearage judgment was entered, the trial court ordered withholding for child support. Certified copies of the withholding order were served on appellant's employers on December 11, 1989; June 7, 1990; and March 30, 1995. Child support was withheld from appellant's paychecks from 1989 to 1997 and again for a period of approximately two years beginning in 2002.

Section 34.001(a) of the Civil Practice and Remedies Code provides that a judgment becomes stale if a "writ of execution" is not issued within ten years of rendition. Texas cases have interpreted this provision to allow a variety of judgment collection activities to revive a judgment.[1] Garnishment is a mode of judgment enforcement. *Baca v. Hoover, Bax, & Shearer,* 823 S.W.2d 734, 740 (Tex.App.-Houston [14th Dist.] 1992, writ denied); *Tom Benson Chevrolet Co. v. Beall,* 567 S.W.2d 857, 859 (Tex.Civ.App.-San Antonio 1978, writ ref'd n.r.e.). Because the 1989 arrearage judgment was enforced almost continually by wage withholding, we hold that it did not become dormant. *See also In re E.D.,* 102 S.W.3d 859, 861 (Tex.App.-Corpus Christi 2003, no pet.)(issuance of administrative writ of withholding revives a dormant judgment).

We recognize that, in 1899, the Court of Civil Appeals held that a writ of garnishment was not a writ of execution that could keep a judgment from becoming dormant. *Shields v. Stark,* 51 S.W. 540 (Tex.Civ. App.-Fort Worth 1899, no writ). This was decided well before the adoption of the Family Code and the current scheme of child support collection through wage withholding and is, therefore, not controlling. Moreover, our decision today is consistent with the legislature's desire, as expressed in Section 34.001, that creditors use diligence to collect their claims and the legislature's desire, as expressed in the Family Code, that child support be paid and collected. So long as an arrearage judgment is being paid with income withholding, there is no need for the State or the custodial parent to take any further action, and neither the judgment debtor nor his other creditors are likely to be misled

---

1. *See, e.g., Swafford v. Holman,* 446 S.W.2d 75, 80 (Tex.Civ.App.-Dallas 1969, writ ref'd n.r.e.)(order of sale); *Williams v. Masterson,* 306 S.W.2d 152, 155–56 (Tex.Civ.App.-Houston 1957, writ ref'd n.r.e.)(writ of possession); *Grissom v. F.W. Heitmann Co.,* 130 S.W.2d 1054, 1056–57 (Tex.Civ.App.-Galveston 1939, writ ref'd)(alias execution); and *Ludtke v. Bankers' Trust Co.,* 251 S.W. 600, 604 (Tex. Civ.App.-Galveston 1922, writ ref'd)(writ of *venditioni exponas* ).

about his obligation. Appellant's first issue is overruled.

Our holding makes it unnecessary for us to address the attorney general's contention that child support judgments never become dormant. It is also unnecessary for us to address appellant's arguments that subsequent amendments to the Family Code may not be applied retroactively to revive a dormant judgment because the 1989 arrearage judgment did not become stale. Appellant's second issue, therefore, is overruled.

Finally, it is unnecessary for us to address either party's contentions concerning whether the attorney general is a real party or if its presence as a party results in a different application of the law.[2] Appellant's fourth issue is also overruled.

 In the third issue, appellant alleges the trial court improperly calculated interest because some of his payments were improperly classified as child support payments rather than arrearage payments. The original child support order required appellant to pay support until his daughter turned eighteen or until further order of the court. Appellant's daughter turned eighteen on February 8, 1995. Appellant contends that his obligation was never extended and, thus, all subsequent payments should have been applied entirely to his arrearage but that his payments through the end of the 1995 school year were treated as regular child support payments. This resulted in a $700 principal-calculation error. The attorney general answers that this issue was not presented to the trial court and, thus, is not preserved for appeal. The attorney general is correct. Because this issue was not presented to

the trial court, it may not be raised for the first time on appeal. TEX.R.APP. P. 33.1(a); *Lozano v. State,* 978 S.W.2d 645, 647 (Tex. App.-Eastland 1998, no pet.). Appellant's third issue is overruled.

### *Conclusion*

The trial court properly included the unpaid portion of the 1989 arrearage judgment when it confirmed appellant's child support arrearage in 2004, and it properly calculated appellant's arrearage. The trial court's judgment is affirmed.

---

2. Appellant contends that, because the child has reached majority and all of the money being collected is going to the mother, then statutory provisions such as TEX. CIV. PRAC. & REM.CODE ANN. § 16.061 (Vernon Supp.2005),

which allows the State to revive a stale judgment for more than two years, do not apply. Both parties also briefed issues such as whether limitations and laches are applicable given the attorney general's presence.