**Opinion filed January 16, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00249-CV

_____

## CHARLES EDWARD CURRY, Appellant

V.

## KATHY GOHEEN (INDIVIDUAL AND OFFICIAL CAPACITY) AND THE SALVATION ARMY, Appellees

**On Appeal from the County Court at Law**
**Ector County, Texas**
**Trial Court Cause No. 20,627**

## M E M O R A N D U M   O P I N I O N

This case involves an "open records request" under the Freedom of Information Act and the Texas Public Information Act.[1]  Charles Edward Curry

---

[1]*See* 5 U.S.C. § 552; TEX. GOV'T CODE ANN. §§ 552.001–.353 (West 2012 & Supp. 2013).

filed suit in a justice court of Ector County against the Salvation Army and Kathy Goheen, individually and in her official capacity as the Salvation Army's Odessa office manager, for the failure to disclose public records. Curry claimed damages in the amount of $10,000. The justice court granted summary judgment in favor of the defendants, and Curry obtained a trial de novo in the county court at law. *See* TEX. R. CIV. P. 571, 574b. That court granted summary judgment in favor of Goheen and the Salvation Army and ordered that Curry take nothing. In Curry's appeal to this court from the no-evidence summary judgment, he argues in two issues that summary judgment was improper. In his third issue, Curry raises a due process issue. We affirm.

Curry was in federal prison when he filed this case pro se. Goheen was a witness in his criminal trial in February 2010. She testified about dates that Curry stayed at the Odessa shelter. A summary of the records upon which Goheen relied was admitted as evidence in the criminal trial. Curry claims that he received no response when he requested copies of the records from the Salvation Army.

Ultimately, Goheen and the Salvation Army filed a no-evidence motion for summary judgment. A no-evidence motion for summary judgment is properly granted if the nonmovant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to a challenged element of a claim on which the nonmovant would have the burden of proof at trial. TEX. R. CIV. P. 166a(i); *see King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003). If the nonmovant fails to produce evidence that raises a genuine issue of material fact, the trial court must grant the motion for summary judgment. TEX. R. CIV. P. 166a(i). Where, as here, a trial court's order granting summary judgment does not specify the ground or grounds relied upon for its ruling, we will affirm summary judgment if the grounds advanced by the movant are meritorious. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001).

2

The Texas Public Information Act (PIA) requires that "public information" be available to the public. TEX. GOV'T CODE ANN. § 552.021 (West 2012). Public information is defined in the PIA as "information that is collected, assembled, or maintained under a law or ordinance or in connection with the transaction of official business" "by a governmental body." *Id.* § 552.002(a)(1). A governmental body includes "a department, agency, or political subdivision of a county or municipality" that has "rulemaking or quasi-judicial power" and spends public funds or is supported by them. *Id.* § 552.003(1)(A)(iv), (x). "Agency" is defined in the Federal Freedom of Information Act (FOIA) as "each authority of the government of the United States, whether or not it is within or subject to review by another agency." 5 U.S.C. § 551(1).

In their motion for summary judgment, the Salvation Army and Goheen asserted that there was no "evidence that Defendants are obligated to disclose" the requested information pursuant to either Act. Specifically, they argued that the Salvation Army is not an "agency" within the meaning of the FOIA and not a "governmental body" within the meaning of the PIA. Curry filed a "Response to Defendants' Motion for No-Evidence Summary Judgment" and argued that because "[t]he Salvation Army has consistently claimed that it is a '[C]hristian organization,'" "perhaps" his claim should "be resolved in an ecclesiastical court, thereby sanctioning the actions of the Salvation Army for—'Vengeance belongs to the Lord. He will recompense.['] Deut. 32:35 (paraphrased)." Curry did not address the arguments raised by the defendants in the trial court, nor did he offer any evidence for consideration.

On appeal, Curry details some evidence that he claims supports his cause of action, but he did not submit that evidence as summary judgment evidence. Curry argues that the trial court "had no justification in legal theory to deny all pleadings of plaintiff/appellant." We disagree. Because Curry failed to offer any evidence

3

raising a genuine issue of fact as to whether the Salvation Army is an agency or a governmental body within the meaning of the statutes, the trial court did not err when it granted the defendants' no-evidence motion for summary judgment. *See* TEX. R. CIV. P. 166a(i). Curry's first and second issues are overruled.

In his third issue, Curry raises several race-related claims for the first time on appeal. Because Curry did not present these arguments to the trial court, they have not been preserved for appeal. *See* TEX. R. APP. P. 33.1(a); *see also In re V.R.N.*, 188 S.W.3d 835, 838 (Tex. App.—Eastland 2006, pet. denied). Curry's third issue is overruled.

We affirm the judgment of the trial court.


JIM R. WRIGHT
CHIEF JUSTICE


January 16, 2014

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J

4