OPINION
DAVID FARRIS, Justice (Assigned).
This case turns on one underlying issue: does the authority under Tex. Fam.Code *467 Ann. § 158.502 (Vernon Supp.2000) to grant an administrative writ of withholding “at any time” violate the prohibition against retroactive laws, see Tex. Const. art. I, § 16, if it is applied to a time barred child support obligation? We hold that it does, and affirm the trial court’s judgment.
The appellee, Kenneth 0. Davis, and his wife divorced in 1974 with Davis obligated to pay child support of $160.00 a month. Davis was never faithful to his obligation. The younger of Davis’s children became 18 in November 1990. By that time Davis owed child support of $28,400.00.
On June 22, 1998 the Attorney General issued an administrative writ of withholding directing Davis’s employer to withhold a part of Davis’s earnings to pay arrearage totaling, with interest, more than $41,-000.00. Davis moved to withdraw the administrative writ of withholding asserting that any claim for the arrears was barred by limitations. The trial court sustained Davis’s motion and ordered the administrative writ withdrawn.
When Davis’s younger child became eighteen an action to reduce arrears to judgment and judicial writs of withholding were both subject to four-year statutes of limitations. Act of Sept. 22, 1986, 69th Leg., 2d C. S., eh. 10, §§ 6, 7, 1986 Tex. Gen. Laws 17, repealed by Act of April 20, 1995, 74th Leg., R. S„ ch. 20, § 2(1), 1995 Tex. Gen. Laws 282. Those statutes remained in effect four years later. Davis contends that any recovery of arrears became barred by those limitations in 1994 and that he has a vested right to rely upon limitations as a defense. We conclude that Davis is correct in his contention, that the claim for arrears became time barred four years after Davis’s younger child became eighteen, and that issuing a § 158.502 writ to a claim already barred by limitations violated article I, section 16 of the Texas Constitution. See Baker Hughes, Inc. v. Keco R. & D., Inc., 43 Tex. Sup.Ct. J. 9, 12 S.W.3d 1 (1999) (rehearing filed); Mellinger v. City of Houston, 68 Tex. 37, 3 S.W. 249 (1887).
The judgment of the trial court is AFFIRMED.