## In the Interest of S.C.S. and M.D.S.

### No. 14–00–00060–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 31, 2001.

Rehearing Overruled July 5, 2001.

W. Thomas Liddell, Houston, for appellants.

Steven Alan Sinkin, San Antonio, for appellees.

Panel consists of Justices YATES, WITTIG, and FROST.

## MAJORITY OPINION

YATES, Justice.

This is an appeal from the trial court's cumulative judgment for child support arrearage entered in favor of Patricia Sprouse, the appellee and mother of S.C.S. and M.D.S., and against Jesse Richard Sprouse, the appellant and father of the children. In three points of error, appellant complains that (1) because section 157.005 of the Texas Family Code is a statute of limitation, the recent amendment extending indefinitely the period of enforcement for past due child support violates the Texas Constitution's prohibition against *ex post facto* laws or, (2) alternatively, Patricia Sprouse's action is barred either by laches or by a ten-year statute of limitation. We affirm the trial court's judgment.

## I. BACKGROUND AND PROCEDURAL HISTORY

Jesse and Patricia Sprouse were divorced for the first time in Jefferson County, Texas, in 1968.[1] At the time, they had two children, S.C.S., born November 22, 1965, and M.D.S., born September 30, 1967. The court ordered Jesse to pay monthly child support for each child until the "youngest of such minor children shall have attained the age of eighteen years...." The amount of support was fixed by the order at $90.00 per month.

---

1. The facts, unchallenged by either party, are taken from the lower court's findings of facts.

Then, in March 1971, Jesse and Patricia remarried, separated later that year, and divorced for the second and final time in November 1973. The second divorce was finalized in Louisiana and was silent as to whether Jesse was obligated to pay child support. In 1975, Patricia sought and received a modification of the Louisiana divorce decree to include an obligation that Jesse pay child support. This order, entered as a consent judgment, required Jesse to pay $130.00 per month for the children's support on the "30th day of each successive month thereafter." In 1980, Patricia filed a motion to modify in a suit affecting the parent-child relationship ("SAPCR") in Harris County, Texas. The SAPCR court entered a final order requiring that Jesse pay $250.00 per month in two equal installments.

Evidently Jesse never paid anything towards his children's support,[2] and in 1999, Patricia sought to reduce the amount in arrears to a cumulative money judgment. At the same time, she sought to have the arrears enforced through a withholding order. Then, on August 18, 1999, Patricia non-suited Jesse. On September 1, 1999, the new version of section 157.005 of the Family Code went into effect and on September 10, 1999, Patricia filed a second motion for cumulative money judgment. At the time the court below rendered judgment, the amount in arrears, including interest, stood at $94,666.14.

## II. SECTION 157.005 OF THE FAMILY CODE

In his first two points of error, appellant contends that, because section 157.005 of the Family Code acts as a statute of limitation, he had a vested right to not pay child support arrearage prior to the time the 1999 legislative amendments went into effect; hence, the new version of section 157.005 constitutes a prohibited *ex post facto* law under the Texas Constitution. Alternatively, he argues that, if we conclude the new version of section 157.005 is not a statute of limitation, we should look to the residual statute of limitation found in the Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM.CODE ANN. §§ 31.006, 34.001 (Vernon 1998).

The current version of section 157.005(b) reads, in relevant part:

> The court retains *jurisdiction* to confirm the total amount of child support arrearages and *render judgment* for past-due child support until the date all current support and medical support and child support arrearages, including interest and any applicable fees and costs, have been paid.

TEX. FAM.CODE ANN. § 157.005(b) (Vernon 1999) (emphases added). Prior to this amendment, section 157.005 provided that "the court retains jurisdiction ... if a motion for enforcement ... is filed not later than the fourth anniversary after the date (1) the child becomes an adult...." TEX. FAM.CODE ANN. § 157.005(b)(1) (Vernon 1995). Appellant argues, therefore, that his right to not pay the amount in arrears vested four years after his children turned eighteen, *i.e.*, on November 22, 1987 and September 30, 1989, respectively.

Section 157.005 and its predecessors, however, have been consistently interpreted by a majority of jurisdictions in this State as defining the contours of the court's *jurisdiction*, not as a time frame within which a party must file a claim or forever lose the right to do so.[3] *See, e.g.,*

---

**2.** We are not unmindful of the fact that there was, apparently, a period of approximately eight months in 1973, after Jesse and Patricia were re-married but before they separated again, during which the children lived with their father.

**3.** We are aware of language in our opinion in *Attorney General v. Litten* which suggests dif-

*In re Cannon,* 993 S.W.2d 354, 356 n. 2 (Tex.App.—San Antonio 1999, no pet.) (holding "157.005 limits the trial court's power to hear a case; it is not a statute of limitations"); *In re Kuykendall,* 957 S.W.2d 907, 911 (Tex.App.—Texarkana 1997, no pet.) (holding that the time limits are "not in the nature of a statute of limitations, but [are] instead a limitation on the power of the trial court to hear the case."); *In re M.J.Z.,* 874 S.W.2d 724, 726 (Tex.App.—Houston [1st Dist.] 1994, no writ) (holding that, unlike a statute of limitation, the four-year period does not run from the accrual of a cause of action, but

from the time the court's jurisdiction normally ends); *In re C.L.C. & S.D.C.,* 760 S.W.2d 790, 792 (Tex.App.—Beaumont 1988, no writ) (holding that there is no tolling because the statute is jurisdictional); *Sandford v. Sandford,* 732 S.W.2d 449, 450 (Tex.App.—Dallas 1987, no writ) (finding trial court lost jurisdiction to cite husband for contempt on child support due more than ten years before wife filed motion).[4] In view of this authority, we now hold that 157.005 is not a statute of limitation; rather, it addresses how long a court has jurisdiction to enforce its orders.[5]

---

ferently. 999 S.W.2d 74 (Tex.App.—Houston [14th Dist.] 1999, no pet.). However, that case presented the issue whether the trial court erred in dismissing an action to register and enforce the support order of another state pursuant to a choice of law provision of the Uniform Interstate Family Support Act ("UIFSA"). *Id.* at 77 (citing Tex. Fam.Code Ann. § 159.604(b) (Vernon 1996)). In apparently mixed language, we held that, "[i]n accordance with the clear language in Section 159.604(b), the 10–year Missouri statute of limitation applies here instead of the four year *limitation period provided by Section 157.005(b).* Therefore, it was error for the trial court to dismiss this cause based on lack of *jurisdiction* under Chapter 157." *Id.* (emphases added). However, that language is merely dicta, because earlier in the opinion, after finding subchapter G of section 159 set forth the procedures for the registration and enforcement of a UIFSA order, we held there was no statutory basis for applying Chapter 157 to a UIFSA action. *Id.*

4.  *See also Du Pre v. Du Pre,* 271 S.W.2d 829, 831 (Tex.Civ.App.—Dallas 1954, no writ) (rejecting retroactive law argument because amendment to Family Code "imposed no new legal liability on the father, but merely provided a more effective remedy or means of enforcing the existing legal liability."); *accord Harrison v. Cox,* 524 S.W.2d 387, 391–92 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n.r.e.) (holding laws affecting only a remedy are not within scope of constitutional prohibition against retroactive law, thus enforcement of child support arrearage does not impair any vested rights the father may have had);

*see also Ex parte Wilbanks,* 722 S.W.2d 221, 223–24 (Tex.App.—Amarillo 1986, orig. proceeding) (holding new Family Code section was purely remedial statute governing the time of enforcing the existing legal liability for child support by contempt, thus not an *ex post facto* law).

5.  In *In re Digges,* the San Antonio Court of Appeals noted that "the [1997] amendments [to section 158.102] allow the income withholding remedy for collecting current and past due support to continue indefinitely but do not affect the four year limitations period on obtaining an arrearage judgment." 981 S.W.2d 445, 446 n. 1 (Tex.App.—San Antonio 1998, no pet.) (citing John J. Sampson & Harry L. Tindall, Texas Family Code Annotated 481 (1998)). Sampson and Tindall's 2000 comment to section 158.102 reads, "[w]ith the elimination of that limitation [on the court's jurisdiction], both the judgment remedy and the income withholding remedy for collecting current and past due support, plus interest, continue indefinitely." John J. Sampson & Harry L. Tindall, Texas Family Code Annotated 570 (2000).

And their comment to the current version of section 157.005 reads, "[i]n conforming state law to federal law, the legislature has essentially eliminated the limitation period for confirmation of arrearages. An action for confirmation and judgment may be brought for as long as support payments, interest, fees and costs are unpaid. The 1999 amendment makes the money-judgment remedy established in this section consistent with the income withholding remedy found in

Our holding is consistent with another intermediate appellate court's interpretation of a similar statute defining a trial court's contempt jurisdiction. *Ex Parte Wilbanks*, 722 S.W.2d 221 (Tex.App.—Amarillo 1986, orig. proceeding). The issue there was whether a new amendment rejuvenated a court's contempt jurisdiction.[6] *Id.* at 222. The court upheld the conviction against a challenge that the law was an *ex post facto* application because "laws which affect only a remedy, such as providing a limitation period, for enforcing substantive rights do not come within the scope of the constitutional provision against retroactive laws." *Id.* at 224. This same reasoning applies here.[7]

Appellant argues that we should be persuaded by the Beaumont court's decision in *In re A.D.*, 8 S.W.3d 466 (Tex.App.—Beaumont 2000, pet. granted). In that case, the court held that an administrative writ of withholding for child support arrearage became time barred four years after the youngest child turned 18, and that issuing an administrative writ of garnishment to an already-barred claim violated article I, section 16 of the Texas Constitution. *Id.* at 467.[8] As we have already explained, however, a majority of courts have held that section 157.005 is not a statute of limitation; rather, it limits a court's jurisdiction to hear a case. Because it is a jurisdictional provision, it does not confer any vested right, unlike a statute of limitation. *Compare Baker Hughes, Inc. v. Keco R & D, Inc.*, 12 S.W.3d 1, 4–5 (Tex.1999).

In the alternative, appellant argues that, if section 157.005 has no statute of limitation, then we should look to the so-called residual statute of limitation found in the Civil Practice and Remedies Code. In support of this argument, he relies on *Huff v. Huff.* 648 S.W.2d 286 (Tex.1983). *In re Kuykendall* explains why reliance on *Huff* is inappropriate in light of the statutory changes enacted since *Huff* was decided. 957 S.W.2d at 910. For example, in the same series of changes that removed the ten-year limitation for enforcement of "unpaid and owing" child support, the Legislature eliminated as a prerequisite to enforcement the language "and owing" from the statute. *Id.* Under the rule that existed when *Huff* was decided, missed child support payments older than ten years were no longer considered "owing." *Id.* Accordingly, the court interpreted these changes "to reflect a legislative intent to permit a court to render the confirming

§ 158.102." *Id.* at 541. In other words, the law now treats deadbeat parents evenly, without regard to whether he or she is employed (income withholding) or not (money-judgment).

6. The Wilbanks's son turned 18 in July 1985. Effective September of that year, the Legislature extended a trial court's contempt jurisdiction "if a motion for contempt for failure to comply with a court's child support order [was] filed within six months after ... the child becomes an adult." *Id.* at 223 (citing TEX. FAM.CODE ANN. § 14.40(b)(1) (Vernon 1986)). Under the statutory provision that existed when their son turned 18, the court's contempt jurisdiction expired when the child became an adult, not six months afterwards. *Id.*

7. *See also Moore v. State*, 677 S.W.2d 550, 553 (Tex.App.—Amarillo 1983, pet. ref'd), *cert. denied* 469 U.S. 856, 105 S.Ct. 182, 83 L.Ed.2d 116 (1984) (holding that creation of criminal jurisdiction in intermediate appellate courts did not work as an *ex post facto* law against defendant who filed appeal with high court three days prior to change in law).

8. Indeed, if appellant's argument is correct, then *In re A.D.* overruled *sub silentio In re C.L.C. & S.D.C.*, a decision from that court holding there is no tolling because the statute is jurisdictional, leading to a result inconsistent with the majority of Texas courts of appeals which have decided this issue.

judgment for *all* unpaid child support," not just the last ten years' worth. *Id.* (emphasis added). Finally, the court found that "the general ten-year dormancy statute then comes into play only when the arrearages are coalesced into a judgment confirming arrearages," and held that "the ten-year dormancy period then begins to run upon the signing of [a] judgment confirming arrearages, and not from the due date of the individual payments." *Id.* We agree.

■ Accepting appellant's interpretation leads to one of two conclusions. One conclusion is that the Legislature performed a futile act when it stripped the requirement that enforcement actions be brought within ten years from the date of the original judgment. For instance, suppose a court orders a father to pay child support until the child's eighteenth birthday, as the court did here. The father does so, but after ten years of making timely payments, he decides to stop. According to appellant's argument, the original judgment would now be dormant. Thus, the mother, who prior to this time had no reason to "enforce" the child support order, would now be unable to do so. This cannot be the result the Legislature

intended, particularly in view of the legislative trend favoring easier enforcement of child support obligations.[9] Alternatively, it leads to the conclusion that the mother would have ten years from the time of the missed payment to file a motion to enforce. However, if this were true, then Texas would return to the rule the Legislature abolished following the supreme court's decision in *Huff*—that missed child support payments were no longer "owing" if more than ten years old.[10] We cannot accept this interpretation as this also "violates the fundamental tenet that the legislature is never presumed to do a useless act." *Russell v. Russell,* 865 S.W.2d 929, 936 (Tex.1993) (Gonzalez, J., dissenting). Appellant's first two points of error are overruled.

## III. The Doctrine of Laches

■ In his final point of error, Jesse claims that Patricia's claim is barred under the doctrine of laches. In order to prevail on a claim of laches, a party must show (1) there was an unreasonable delay by the other party in asserting a legal or equitable right, and (2) the party asserting laches made a good faith change in position to his detriment because of the delay. *Cald-*

---

9. *See, e.g., Sandford,* 732 S.W.2d at 450 (discussing the early evolution of child support enforcement legislation). The dissent suggests that, because we "seemingly approve" of *Sandford,* our result should be different here. But the dissent misconstrues *Sandford.* In that case, the statute considered by the court—14.41(b)—contained a restriction on the court's jurisdiction: if a party failed to bring a claim for past-due child support, and the missed payment was more than ten years owing, then the court had no power to render a judgment for that payment. *Id.* at 450. Nevertheless, *Sandford* held that, if this forerunner to section 157.005(a) were a statute of limitation, the husband would have waived the argument by failing to plead it in the trial court. Instead, it found that 14.41(b)'s "wording, atypical of statutes of limitation,

restricts the *power* of the court to enter judgment...." *Id.* at 450–51 (emphasis added). Accordingly, the court affirmed the judgment of the trial court to include only those missed payments that were more than ten years owing. *Id.* at 451.

10. Even *Sandford* recognizes that, with the legislative changes to the Family Code, *Huff* is no longer controlling authority. *Id.* at 450.

   It is true that before this change in the law, actions to reduce unpaid child support to judgment were ... subject to what [is now section 31.006 of the Texas Civil Practice and Remedies Code, but n]ow, however, such actions are ... subject to ... section 14.41(b).

   *Id.* (citing *Huff,* 648 S.W.2d 286 (Tex.1983)).

well v. Barnes, 975 S.W.2d 535, 538 (Tex. 1998). The burden of proving these elements is on the one asserting the defense. *Jamail v. Stoneledge Condo. Owners Ass'n*, 970 S.W.2d 673, 676 (Tex.App.—Austin 1998, no pet.). Because Jesse presented the trial court with no evidence in support of his assertion that Patricia's claim is barred by laches, he has waived this point of error. *See, e.g., Castillo v. Neely's TBA Dealer Supply, Inc.*, 776 S.W.2d 290, 292–94 (Tex.App.—Houston [1st Dist.] 1989, writ denied) (holding affirmative defense of ERISA preemption was waived by a defendant who did not plead the defense and offered no evidence in support thereof). Accordingly, appellant's final point of error is overruled.

Affirmed.

WITTIG, Justice, dissenting.

I respectfully dissent from the majority opinion on three distinct grounds. First the application of Family Code section 157.005 is retroactive and consequently prohibited by the Texas Constitution. Second, the trial court had lost jurisdiction to hear this case and therefore could not "retain" what it did not have. Third, the majority effectively holds that the supreme court's decision in *Huff v. Huff*, 648 S.W.2d 286 (Tex.1983), is no longer controlling in Texas and ignores a residual 10–year limitations statute.

Appellant argues the new section 157.005 of the Family Code constitutes a prohibited retroactive law under the Texas Constitution. The majority mistakenly dismisses this claim summarily. Their logic seems to be that section 157.005 is only jurisdictional, ergo it is not ex post facto, or more properly, retroactive. The meaning of our Texas Constitution, Article I, Section 16, was addressed by the Supreme Court of Texas long ago in *Mellinger v. City of Houston*, 68 Tex. 37, 3 S.W. 249

(1887). The logic and holdings undermine the majority opinion in a twofold way.

First, for obvious constitutional concerns, "it is almost universally accepted as a sound rule of construction that a statute shall have only a prospective operation" unless its terms are clearly retroactive. *Id.* at 251. If a statute is interpreted prospectively, we eliminate many of the concerns about retroactive laws. This, in turn, supports my later offering that the trial court could not "retain" a jurisdiction it had already lost.

More to the point, Article 1, Section 16 of our constitution, and all the state constitutions adopted in Texas, provide "no bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts shall be made." *Id.* at 252. Our constitution is not limited merely to obligations of contract, already protected by the Fourteenth Amendment of the U.S. Constitution. *Id.* 253. The plain language applies not just to vested property rights, rather "it must be held to protect every right, although not strictly a right to property." *Id.* Every right which accrued prior to passage of a new law, "if permitted retroactive effect, would take away the right." *Id.* A right is a well-founded claim, recognized or secured by law. *Id.* It includes not only enforcement of a claim, but also the right to "resist the enforcement of a claim urged by another." *Id.*

The Texas Supreme Court clearly enunciated:

[I]f an attempt were made by law, either by implication or expressly to revive causes of action already barred, such legislation would be retrospective, within the intent of the prohibition, and would therefore be wholly inoperative. We have no doubt that the law is thus correctly stated.

*Id.* at 255.

While the same court referred to a statute of limitation as an example, both the

clear language of the constitution and the Supreme Court's interpretation is strikingly expansive, and patently not limited to a retroactive limitations statute. Therefore, whether we view article 157.005(b) as jurisdictional or as removing an accrued limitation of four years after the child reaches eighteen, the effect is the same. In August 1999, when Patricia first filed against Jesse, her action was clearly barred by the family code. When she refiled in September 1999, her barred claims were retroactively revived. Thus, the application of the new article 157.005 was retrospective within the ambit of the constitutional prohibition. *Id.* Nor does it matter whether the statute be considered procedural or substantive. *See Collins v. Youngblood*, 497 U.S. 37, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990), (holding that legislature not immune from scrutiny under ex post facto clause simply by the label of "procedural;" subtle violations are no more permissible that overt ones). Justice Hecht likewise leaves little doubt in a situation not unlike ours:

> The rule is well settled that procedural statutes may apply to suits pending at the time they became effective, but even a procedural statute cannot be given application to a suit pending at the time it becomes effective if to do so would destroy or impair rights which had become vested before the act became effective. In this connection it is the settled law that, after a cause has become barred by the statute of limitation, the defendant has a vested right to rely on such statute as defense.

**1.** Section 14.41 is a predecessor statute of current section 157.005. The majority seemingly approves of *Sandford.*

**2.** Indeed, it is precisely for this reason that appellee's counsel candidly conceded at oral argument that the original effort to enforce

*See Baker Hughes, Inc. v. Keco R. & D., Inc.,* 12 S.W.3d 1, 4 (Tex.1999) (citations omitted). The Texas Supreme Court goes on to hold a statute extending the limitations period already barred violates the Texas constitution's prohibition against retroactive laws. *Id.* But as the Dallas Court of Appeals aptly noted in *Sandford v. Sandford,* 732 S.W.2d 449, 450 (Tex. App.—Dallas 1987 no writ), section 14.41(b),[1] restricts the power of the court to enter judgments contrary to its provisions. "It is not procedural but substantive." *Id.* Therefore, the last legislative change was a change in the substance of the law. Before September 1, 1999, the court was without power, substantive or jurisdictional, to award a whiskered 19 or 29 year old past-due child support arrearage. After September 1, 1999, the court could conceivably prospectively have the power or jurisdiction to hear ancient support arrearages, subject both to the constitutional limitation against retroactive laws, and other applicable limits. I would sustain the retroactive constitutional challenge by appellant.

The 1999 legislative change to 157.005(b) seeks to *increase* retention or residual jurisdiction. As the majority recognizes, prior to the 1999 amendment to section 157.005, the court's jurisdiction to hear this case would have expired four years after each child became an adult.[2] Under the current version of 157.005(b), trial courts now *"retain* jurisdiction to confirm the total amount of child support arrearages...." Tex. Fam.Code Ann. § 157.005(b) (emphasis added). A court may no more *retain* what it does not possess than one

the arrearage was abandoned, *i.e.,* because the trial court had no jurisdiction over this case before the 1999 amendment went into effect. But who can seriously argue the four-year jurisdictional limit was not also a statute of limitation?

may return to a place he has never been. The trial court's power to hear this case ended 4 years after each child turned eighteen. In *In re Cannon*, the San Antonio Court of Appeals decided a similar issue under the former version of section 157.005(b). 993 S.W.2d 354 (Tex.App.— San Antonio 1999, orig. proceeding). There, the court held that, because a motion to enforce was filed within four years of one child's eighteenth birthday, the trial court retained jurisdiction to confirm the arrearages as to that child, but the court had no jurisdiction to confirm the arrearages for the child who turned eighteen more than four years before the motion to enforce was filed. *Id.* at 356. The same logic should apply here. There is no expression in the legislation to retrofit the courts with jurisdiction they no longer have or already lost. Recall, statutes should be construed prospectively. Tex. Gov't Code Ann. § 311.022 (Vernon 1998) (statutes are presumed to be prospective in operation unless expressly made retrospective). Our job as judges is to apply the law as written, not to make law. *Turner v. Cross*, 83 Tex. 218, 18 S.W. 578, 579 (1892). We need only apply the plain language of the statute—*retain,* not retroactively *regain.* Because both children turned eighteen many years before the motion to enforce was filed, I would hold that section 157.005(b) did not operate to revive the court with jurisdiction already lost. Accordingly, the trial court was without jurisdiction to grant appellee's motion. An order entered after a court has lost jurisdiction is void. *In re Powers*, 974 S.W.2d 867, 869 (Tex.App.—Houston [14th Dist.] 1998, orig. proceeding).

My third point of departure from today's opinion rests on the majority's failure to recognize the continued vitality of *Huff* and section 34.001 Tex. Prac & Civ. Rem Code. In *Huff*, the supreme court held that "[t]he ten-year statute of limitations must therefore apply to § 14.09(c) motions . . . ." *Huff*, 648 S.W.2d at 289.[3] Furthermore, as stated in *Huff*, "[a]s motions to revive and enforce portions of a final judgment awarding child support, § 14.09(c) actions come within the direct purview of the statute of limitations governing the revival and enforcement of judgments, Art. 5532, the ten-year statute" *Id.* Even though the legislature failed to mention the ten-year statute of limitations in section 157.005(b), old Article 5532, now Civil Practice & Remedies Code section 34.001,[4] still applies since this is an action to revive and enforce judgments. The reasons are fortified, not weakened, if the family code section is "only jurisdictional," as the majority argues. Section 34.001(a) limits the revival of judgment to ten years, thereby effectively giving section 157.005(b) actions a ten-year statute of limitations unless otherwise renewed. One 10 year period can be stacked upon yet another 10 year peri-

---

**3.** In language similar to today's version of 157.005(b), section 14.09(c) provided that

> On the motion of any party entitled to receive payments for the benefit of a child, the court may render judgment against a defaulting party for any amount unpaid and owing after 10 days' notice to the defaulting party of his failure or refusal to carry out the terms of the order. The judgment may be enforced by any means available to the enforcement of judgments for debts.

Act of May 24, 1973, 63d Leg., R.S., ch. 543 § 14.09, 1973 Tex. Gen. Laws 1425–26,

*amended by* Act of June 18, 1999, 76th Leg., R .S., ch. 556 § 15–1999 Tex. Gen. Laws 3058, 3062.

**4.** In 1995, Article 5532 was repealed and replaced with section 34 .001. *See also* Tex. Civ. Prac. & Rem. 31.006. (Technically, Article 5532 was replaced by Tex. Civ. Prac. & Rem.Code Ann. § 31.006 (Vernon2000)). However, the ten year limiting language was moved to Tex. Civ. Prac. & Rem.Code Ann. § 34.001 (Vernon 2000)

od. Tex. Civ. Prac. & Rem.Code Ann. § 34.001(b). *But this was not done in a timely manner.*[5] The mandate of the Civil Practice and Remedies Code is clear: "If a writ of execution is not issued within 10 years after the rendition of a judgment of a court of record or a justice court, the judgment is dormant and execution may not be issued on the judgment unless it is revived." *Id.* Section 34.001(a). There simply is no exception for family law cases; they are, after all, "courts of record." Nineteen years is just too long.[6]

Where there are undisputed facts, a defendant may establish that the plaintiff's claim is barred by the statute of limitations as a matter of law. *Flukinger v. Straughan,* 795 S.W.2d 779, 786 (Tex. App.—Houston [14th Dist.] 1990, writ denied) (citing *Intermedics, Inc. v. Grady,* 683 S.W.2d 842, 845 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.)). Because the facts on this point are undisputed, the trial court erred by not finding, as a matter of law, that the ten-year statute of limitations applied and barred appellee's claim for relief under her motion to enforce. Judgment on the appellee's suit affecting the parent-child relationship was entered in 1980. The appellant failed to pay support per the judgment. It was not until 1999 that the appellee brought suit for the monies owed her by the appellant. Under the majority's holding, petitioner could wait until the "children" are 70 or 80 years old. And by the same logic of today's majority holding, the limitations and requirement of claims found in probate and administrative law, would not pertain.

Appellee non-suited the appellant, then, after the state legislature passed section 157.005(b), renewed her action against the appellant. This was clearly, although erroneously, an attempt to defeat the prior limits of the courts power. Because the extant ten-year statute of limitations is based on section 34.001 of the civil practice and remedies code and not section 157.005(b) of the family code, the appellee's action was barred and is still barred.

For these reasons, I would reverse and render the judgment of the trial court.

---

5. The majority cites *Kuykendall,* 957 S.W.2d. 907, 910. However, I believe that case, heavily relied upon by the majority, is erroneously decided. The legislature followed *Huff* and even codified *certain aspects* of the opinion. However, nowhere does the legislature express any intent to eliminate either section 34.001 or the holding in *Huff.* Nor should it. As wisely expressed by Justice Hankinson in *Apex Towing v. Tolin,* 41 S.W.3d 118 (Tex. 2001):

> We continue to believe, however, that in the area of limitations, bright-lines rules generally represent the better approach, and that the policy reasons underlying the *Hughes* rule appropriately balance the competing concerns of the need to bar stale claims and

avoid prejudice to defendants yet preserve a reasonable opportunity for plaintiffs to pursue legitimate claims.

41 S.W.3d 118, at 121–22.

I would also note, that the supreme court in addressing *The Interest of A.D.,* 8 S.W.3d 466 (Tex.App.—Beaumont 2000, pet. granted) could also consider the impact of today's decision that seeks to retroactively eliminate *all* limitation periods for child support arrearage.

6. This is especially true in child support cases where the burden of proof quickly and easily shifts to the respondent to prove the actual payments made. Here the "children" are now 35 and 33 years old!