NO.
12-05-00420-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

§          APPEAL
FROM THE 321ST

IN THE INTEREST OF

D.T., K.T. AND M.T.,            §          JUDICIAL
DISTRICT COURT OF

MINOR CHILDREN

§          SMITH
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION








            Robert
Taliaferro and Marcia Taliaferro appeal from trial court orders entered in
response to Mabel Sadler’s attempt to collect past due child support from
Robert, her ex-husband.  Robert attacks
the validity of the order on cumulative money judgment for child support
arrearages, and both Robert and Marcia attack the validity of the order
appointing a receiver to collect property to satisfy the child support
lien.  We affirm.

 

Background

            Mabel
Sadler and Robert Taliaferro were married and had three children before
divorcing in Smith County in 1969. 
Although, at the time of the divorce, Robert was ordered to pay $150.00
per month in child support, he failed to do so. 
In the early 1970s, Mabel attempted to get Robert to comply with the
child support order, and he was found guilty of contempt for failure to
pay.  The record is silent regarding any
efforts to encourage his compliance until August 31, 2001 when Mabel filed a
motion for cumulative judgment of child support arrearages.  An order was entered that year but was set aside
in April 2004.  








            Marcia,
Robert’s second wife, intervened in the case, claiming her community interest
in Robert’s retirement fund, which Mabel had attempted to garnish.  Robert and Marcia were divorced July 15, 2004
in Rusk County.  Marcia was awarded a
portion of the retirement benefits in the divorce.

            The
Smith County court entered an order on cumulative money judgment on June 29,
2005 finding that Robert owed $286,100.14 plus interest.  On August 29, 2005, the trial court appointed
a receiver, ordered Robert and Marcia to turn over all property of their
community estate as of the date of their divorce, ordered Robert to turn over
all of his real and personal property, and ordered each of them to pay
$2,500.00 to the receiver.

 

1999
Amendment to Family Code Section 157.005

            In
his first issue, Robert contends that, based on law in effect prior to
September 1, 1999, he had a vested right to not pay the child support
arrearage.  He argues that Section
157.005, as amended in 1999, acts as a statute of limitation and is a
prohibited ex post facto law under which he would be liable for arrearages that
he would not have to pay under prior law. 
Alternatively, he argues, the residual statute of limitations found in
the Civil Practice and Remedies Code should control.  In his fifth issue, Robert contends the trial
court’s order violates the Civil Practice and Remedies Code’s proscription
against dormant judgments.

            In
his fourth issue, Robert asserts that the 1999 amendment violates his due
process and due course of law rights as well as protections against retroactive
laws under the United States and Texas constitutions.  After acknowledging that the Texas Supreme
Court has held contrary to his argument on this issue, Robert urges us to
sustain his retroactive constitutional challenge.

            From
April 20, 1995 through August 31, 1999, Family Code Section 157.005(b) provided
that the trial court retained jurisdiction to hear a motion for enforcement
filed not later than four years after the date the child becomes an adult.  Act of April 6, 1995, 74th Leg., R.S., ch.
20, § 1, 1995 Tex. Gen. Laws 113, 177 (amended 1999, 2005, 2007) (current
version at Tex. Fam. Code Ann. §
157.005(b) (Vernon Supp. 2007)).  Robert
and Mabel’s youngest son recently celebrated his fortieth birthday. Therefore,
had Mabel attempted to enforce the child support order between April 20, 1995
and August 31, 1999, Robert could not have been held liable.

            Effective
September 1, 1999, Section 157.005(b) provided that the trial court retained
jurisdiction to confirm the total amount of child support arrearages and render
judgment for past due child support until the date all support arrearages,
including interest and any applicable fees and costs, have been paid.  Act of May 27, 1999, 76th Leg., R.S., ch.
556, § 15, 1999 Tex. Gen. Laws 3058, 3062 (amended 2005, 2007).

            The
United States Constitution bans ex post facto laws.  See U.S.
Const. art. I, § 9, cl. 3.  The
Texas Constitution bans ex post facto and retroactive laws.  See Tex.
Const. art. I, § 16.  A statute is
retroactive if it takes away or impairs vested rights acquired under existing
laws, or creates new obligations, imposes new duties, or adopts a new
disability that affects acts or rights accruing before it came into force.  In re A.D., 73 S.W.3d 244, 248
(Tex. 2002); Turbeville v. Gowdy, 272 S.W. 559, 561 (Tex. Civ.
App.– Fort Worth 1925, no writ).  Robert
correctly argues that a statute extending a cause of action’s limitations
period cannot apply to revive a suit that would have been time barred before
the new statute of limitations took effect because it would impair vested
rights and violate the constitutional prohibition on retroactive laws.  See In re A.D., 73 S.W.3d at
248.  However, Section 157.005(b) is not
a statute of limitation.

            Statutes
providing time limits within which enforcement of an existing support liability
may be effected concern the court’s continuing jurisdiction and do not affect
substantive rights.  Id. at
249.  Section 157.005 and its
predecessors have been consistently interpreted as defining the contours of the
court’s jurisdiction, not a time frame within which a party must file a claim
or forever lose the right to do so.  In
re S.C.S., 48 S.W.3d 831, 833 (Tex. App.–Houston [14th Dist.] 2001,
pet. denied).  Section 157.005 addresses
how long a court has jurisdiction to enforce its orders and is not a statute of
limitation.  Id. at
834.  Accordingly, its application does
not impair vested rights.  Id.
at 835.  Section 157.005 is a remedial
statute governing the time for enforcing the existing legal liability for child
support and is not an ex post facto or retroactive law.  See In re A.D., 73 S.W.3d at
248; In re S.C.S., 48 S.W.3d at 835.

            Robert
also contends the trial court’s order to pay the arrearage is barred by Texas
Civil Practice and Remedies Code Section 34.001, which disallows execution on
judgments more than ten years old.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 34.001 (Vernon 1997).  We
disagree.  This ten year dormancy statute
comes into play only when child support arrearages are coalesced into a
judgment confirming arrearages.  In
re S.C.S., 48 S.W.3d at 836.  The
ten year dormancy period begins to run upon the signing of a judgment
confirming arrearages.  Id.  Therefore, the trial court’s order to pay the
arrearage cannot be barred by Section 34.001.

            Finally,
Robert asserts that application of Section 157.005 violates his rights to due
process and due course of law.  Robert
did not make this claim in the trial court and has therefore waived it.  See Dreyer v. Greene, 871
S.W.2d 697, 698 (Tex. 1993).  We overrule
Robert’s issues one, four, and five.

Laches

            In
his sixth issue, Robert asserts the trial court erred because it did not allow
him to present testimony regarding his argument that laches should apply to bar
Mabel’s claim.  Robert provided no
authority for this contention and has therefore waived it.  See Tex.
R. App. P. 38.1(h); Davis v. Kaufman County, 195 S.W.3d
847, 850 (Tex. App.–Dallas 2006, no pet.). 
Neither do we find any indication in the record that he presented this
issue to the trial court.  See Dreyer,
871 S.W.2d at 698.  Further, this
complaint has no merit.  Laches is a
defense grounded upon an unreasonable delay by a party in asserting its legal
or equitable rights, and a good faith change of position by another to his
detriment because of the delay.  Caldwell
v. Barnes, 975 S.W.2d 535, 538 (Tex. 1998).  As explained above, the 1999 amendment,
applicable to this case, permits the trial court to retain jurisdiction over
collection of the child support arrearage for as long as it is owed.  See Act of May 27, 1999, 76th Leg.,
R.S., ch. 556, § 15, 1999 Tex. Gen. Laws 3058, 3062.  Further, a parent has a legal duty to support
his children.  See Ex parte Hall,
854 S.W.2d 656, 658 (Tex. 1993) (orig. proceeding).  Under these circumstances, the defense of
laches is not available.  See In re
Moragas, 972 S.W.2d 86, 93 (Tex. App.–Texarkana 1998, no pet.).  We overrule Robert’s sixth issue.

Sufficiency
of the Evidence

            In
his second issue, Robert contends the evidence is legally and factually
insufficient to support the findings supporting the order on cumulative money
judgment and the order appointing a receiver. 
He complains that no evidentiary hearing was held and there is a
complete absence of evidence of the vital facts necessary for the
judgments.  He specifically argues there
is no evidence to support the trial court’s finding that all community property
transferred by the Rusk County divorce decree is subject to the child support
lien. 

            In
his third issue, Robert asserts that the trial court erred in rendering the
June 29 order on cumulative money judgment without an evidentiary hearing and
without affording him notice of the judgment so he could request findings of
fact and conclusions of law.  He complains
that he is forced to appeal a ruling that he was not present for and without
any information as to the factual basis for the judgment. 

            On
May 4, 2004, the trial court held a hearing attended by attorneys for Mabel,
Marcia, and Robert.  Mabel’s attorney
explained that they had reached an agreement on some issues but wished to
present argument, not evidence, on the issue of interest.  Robert’s attorney said, “That’s correct.”  They agreed that Robert owes child support
principal in the amount of $21,400.00 representing child support due and owing
beginning March 5, 1972 and ending December 20, 1984.  That amount reflects 225 days of possession
credits.  At the June 29 hearing, it was
noted in open court that the parties had previously stipulated to everything
except the rate of interest to be applied and that the legislature had
determined the applicable interest rate. 
The trial judge noted that all they needed was a judgment.  After the trial judge encouraged the
attorneys for Robert and Marcia to look at the judgment tendered by Mabel’s
attorney, both stated on the record that they had no objection to the form of
the judgment.  Robert’s attorney then
stated that he had only recently begun to represent Robert and had not been
involved with previous proceedings.  He
specifically stated, “There’s nothing that I can do about the judgment.”  The record ends without any reference to
signing the judgment.

            Present
at the August 29 hearing were attorneys for Marcia and Mabel as well as an
attorney who was appointed receiver.  It
was stated on the record that Robert’s attorney called to say he could not be
there because he was sick.  Marcia’s
attorney said that he had not received notice that a judgment had been
entered.  The remainder of that hearing
involved the appointment of the receiver. 
The order appointing the receiver was signed the same day.

            On
September 20, 2005, Robert’s attorney filed a document entitled “Defendant’s
Notice of Appeal and Request for Hearing.” 
In it, he listed several complaints, including an explanation that he
received notice of the June 29 order on August 29, and requested the Twelfth
Court of Appeals to set a hearing and confirm that the trial court clerk did
not give him or Marcia the required notice.

            Any
party may request the trial court to state in writing its findings of fact and
conclusions of law.  The request must be
filed within twenty days after the judgment is signed.  Tex.
R. Civ. P. 296.  The trial court
clerk is required to provide the parties or their attorney of record notice of
a signed judgment or appealable order immediately.  Tex.
R. Civ. P. 306a(3).  If a party
has not received notice or acquired actual knowledge within twenty days after
the judgment is signed, he can get an extension to file his request that is
calculated from the date of notice.  Tex. R. Civ. P. 306a(4).  To be entitled to the extension, the party
alleging late notice of a judgment must file a sworn motion with the trial
court establishing the date the party or its counsel first learned of the
judgment.  Tex. R. Civ. P. 306a(5). 


            Robert
did not comply with the requirements of Rule 306a(5) to extend the time to file
a request for findings of fact and conclusions of law.  Because he failed to do so, he cannot now complain
about the absence of findings of fact and conclusions of law or how their
absence has a detrimental effect on his arguments on appeal.  We overrule Robert’s third issue.

            Most
appealable issues in a family law case, including a trial court’s confirmation
of child support arrearages, are reviewed under an abuse of discretion
standard.  In re A.L.G.,
229 S.W.3d 783, 784 (Tex. App.–San Antonio 2007, no pet.); Beck v. Walker,
154 S.W.3d 895, 901 (Tex. App.–Dallas 2005, no pet.).  A trial court’s judgment is reversed only
when it appears from the record as a whole that the trial court abused its
discretion.  Worford v. Stamper,
801 S.W.2d 108, 109 (Tex. 1990).  A trial
court abuses its discretion as to factual matters when it acts unreasonably or
arbitrarily.  Id.  A trial court abuses its discretion as to
legal matters when it acts without reference to any guiding principles.  Walker v. Packer, 827 S.W.2d
833, 840 (Tex. 1992) (orig. proceeding). 
In a nonjury trial, where findings of fact and conclusions of law are
neither filed nor timely requested, it is implied that the trial court made all
necessary findings to support its judgment. 
Holt Atherton Indus., Inc. v. Heine, 835 S.W.2d 80, 83
(Tex. 1992).  The legal and factual
sufficiency of the evidence to support these implied findings may be challenged
when, as in this case, a reporter’s record is brought forward.  Id. at 84.  However, under an abuse of discretion
standard, arguments of legal and factual sufficiency of the evidence to support
the judgment are not independent grounds for asserting error, but are relevant
factors in assessing whether a trial court abused its discretion.  Beck, 154 S.W.3d at 902.








            The
Family Code provides procedures for enforcement of child support payments,
including requesting a money judgment for arrearages.  See Tex.
Fam. Code Ann. § 157.001 (Vernon 2002); Act of April 6, 1995, 74th Leg.,
R.S., ch. 20, § 1, 1995 Tex. Gen. Laws 113, 184 (amended 2003, 2007) (current
version at Tex. Fam. Code Ann. §
157.263 (Vernon Supp. 2007)).  In
rendering a money judgment, the trial court may not reduce or modify the amount
of arrearages.  Act of April 6, 1995,
74th Leg., R.S., ch. 20, § 1, 1995 Tex. Gen. Laws 113, 184 (amended 2001)
(current version at Tex. Fam. Code Ann.
§ 157.262(a) (Vernon 2002)).  However,
the final money judgment may be subject to an offset or counterclaim.  Act of April 6, 1995, 74th Leg., R.S., ch.
20, § 1, 1995 Tex. Gen. Laws 113, 184 (amended 2001) (current version at Tex. Fam. Code Ann. § 157.262(f)
(Vernon 2002)).  Thus, the trial court
acts as a “mere scrivener” in mechanically tallying the amount of
arrearage.  Curtis v. Curtis,
11 S.W.3d 466, 471 (Tex. App.–Tyler 2000, no pet.).

            Here,
the parties stipulated to the fact that, after applying a possession credit,
Robert owed past due child support principal in the amount of $21,400.00 for a
specified time period.  Where
stipulations are made in open court and entered of record, they are binding.  See Tex.
R. Civ. P. 11; Ex parte Burroughs, 687 S.W.2d 444, 446
(Tex. App.–Houston [14th Dist.] 1985, orig. proceeding).  The judgment recites a total amount due that
includes interest on the arrearages. 
Robert had no objection to the judgment at the June 29 hearing.  The judgment further orders Robert to pay six
percent interest on the total arrearages, including interest from the date of
rendition of the judgment until paid as required by statute.  See Tex.
Fam. Code Ann. § 157.265 (Vernon Supp. 2007).  There is evidence of probative force
supporting the trial court’s judgment. 
Accordingly, the trial court did not abuse its discretion in entering
the order on cumulative money judgment.

            Robert
also complains in his second issue that there is no evidence to support the
trial court’s finding in the August 29 order that all community property
transferred by his divorce from Marcia was subject to the child support
lien.  In Marcia’s first and second
issues, she asserts that the trial court abused its discretion when it made
findings of fact concerning her property rights without evidence to support
them.  Specifically, she argues there is
no evidence to support the finding that all community property she and Robert
owned was liable for Robert’s delinquent child support. We find no merit in
these complaints.

            The
child support obligation was court imposed in 1969.  The child support lien arose by operation of
law against all of Robert’s nonexempt property, including his retirement plan,
regardless of whether the amounts of the arrearages had been adjudicated.  See Act of May 15, 1997, 75th Leg.,
R.S., ch. 420, § 2, 1997 Tex. Gen. Laws 1660, 1660 (amended 2001, 2003)
(current version at Tex. Fam. Code Ann.
§ 157.312 (Vernon Supp. 2007)); Act of May 27, 1997, 76th Leg., R.S., ch. 556, §
20, 1999 Tex. Gen. Laws 3058, 3062 (amended 2001, 2003, 2007) (current version
at Tex. Fam. Code Ann. § 157.317
(Vernon Supp. 2007)).  Community property
consists of the property, other than separate property, acquired by either
spouse during marriage.  Tex. Fam. Code Ann. § 3.002 (Vernon
2006).  Community property subject to
Robert’s sole or joint management, control, and disposition is subject to
liabilities he incurred before marriage, including the child support
arrearages.  Tex. Fam. Code Ann. § 3.202(c) (Vernon 2006).  Community property subject to Marcia’s sole
management, control, and disposition is the only category of community property
that is not subject to Robert’s child support obligation because it was
incurred before their marriage.  See
Tex. Fam. Code Ann. § 3.202(b)
(Vernon 2006).  If it is Marcia’s
position that some of the community property was under her sole control and
management and thus not liable for Robert’s child support obligation, it was
her burden to identify and prove that certain property could not be reached by
the lien.  See Act of May 15,
1997, 75th Leg., R.S., ch. 420, § 14, 1997 Tex. Gen. Laws 1660, 1663 (amended
2001) (current version at Tex. Fam. Code
Ann. § 157.326 (Vernon 2002)). 
This she failed to do.  Further,
Mabel’s arguments at trial and on appeal all indicate an interest in reaching
Robert’s retirement fund to satisfy the past due child support obligation.  There is nothing to indicate there is any
other community property.  There is no
doubt the retirement fund is subject to the lien.  Thus, the trial court did not abuse its
discretion in finding that all community property transferred in the divorce
was subject to the lien.  We overrule
Robert’s second issue and Marcia’s first and second issues.

 

Turnover Order








            In
her third issue, Marcia asserts the trial court erred when it ordered her to
turn over all real and personal property she owned to a receiver.  She argues that all property she owned when
the August 29, 2005 order was rendered was her separate property and there is
no authority under Texas law for her to be required to pay Robert’s debt.  In her fourth issue, she contends, without
citing authority, that the trial court erred when it ordered her to pay the
receiver for his services.








            In
its August 29, 2005 order, the trial court ordered Robert and Marcia to “turn
over all real and personal property and title to all real and personal property
of their community estate as of July 15, 2004” to the receiver.  As explained above, the trial court did not
abuse its discretion in determining that Robert and Marcia’s community estate is
subject to the lien.  It is appropriate
to collect past due child support through use of a turnover order and
receiver.  See Act of April 6,
1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex. Gen. Laws 113, 184 (amended 2001,
2007) (current version at Tex. Fam. Code
Ann. § 157.264 (Vernon Supp. 2007)); Tex.
Civ. Prac. & Rem. Code Ann. § 31.002 (Vernon Supp. 2007); First
City Nat’l Bank v. Phelan, 718 S.W.2d 402, 405 (Tex. App.– Beaumont
1986, writ ref’d n.r.e.).  Further, the
judgment creditor who obtains turnover relief is entitled to recover attorney’s
fees.  Tex.
Civ. Prac. & Rem. Code Ann. § 31.002(e).  We overrule Marcia’s third and fourth issues.

Disposition

            Having
been presented with no trial court error, we affirm the trial
court’s order on cumulative money judgment of June 29, 2005 and its August 29,
2005 order on motion for appointment of receiver.

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

Opinion delivered December 21, 2007.

Panel consisted
of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)