**Murphy DISE, Appellant**

v.

**Evelina DISE, Appellee**

NO. 01–15–00407–CV

Court of Appeals of Texas, Houston (1st Dist.).

Opinion issued May 3, 2016

L. Mickele' Daniels, Houston, TX, for Appellant.

Ken Paxton, Attorney General of Texas, Deterrean Gamble, Assistant Attorney General, Austin, TX, for Appellee.

Panel consists of Chief Justice Radack and Justices Keyes and Higley.

## OPINION

Evelyn V. Keyes, Justice

In this case, the Office of the Texas Attorney General ("OAG") filed a motion in Texas state court to confirm appellant Murphy Dise's child support arrearage. After Dise filed a notice of bankruptcy, a federal bankruptcy court entered judgment for a child support arrearage in the amount of $34,405.62 against Dise, and the trial court adopted this judgment. In one issue, Dise argues that the trial court lacked jurisdiction to adopt the bankruptcy court's judgment because the court lost power to adjudicate any issues relating to past-due child support two years after the child turned eighteen, which occurred in 2005, but the OAG did not file its motion to confirm the child-support arrearage until 2010.

We affirm.

## Background

On January 24, 1986, the trial court signed a final decree of divorce, dissolving

the marriage between Murphy and Evelina Dise. The parties had one child of the marriage, M.D., who was one year old at the time of the divorce. In the divorce decree, the trial court awarded managing conservatorship to Evelina Dise and ordered Murphy Dise to pay $120 per month in child support until M.D. turned eighteen. Dise did not comply with his child support obligations, and the OAG obtained administrative writs of withholding against Dise on several occasions. M.D. turned eighteen in January 2003.

In May 2010, the OAG filed a motion to confirm Dise's child support arrearage. On December 8, 2010, the trial court held a hearing on this motion, but Dise did not appear. On October 6, 2011, the trial court entered a default order confirming Dise's child support arrearage in the amount of $29,484.31 and ordering Dise to pay the arrearage in monthly installments of $200 beginning in January 2011. The trial court also entered an order directing Dise's employer to withhold a portion of his income to satisfy the arrearage.

Dise moved for a new trial, arguing that he did not receive notice of the December 8, 2010 hearing and informing the trial court that the day before the hearing, he had filed a notice of bankruptcy with the bankruptcy court of the Southern District of Texas. Dise listed Evelina Dise as a creditor in his notice of bankruptcy, but he did not list this debt as a "domestic support obligation," and the bankruptcy court initially discharged the debt in March 2011. The trial court granted Dise's motion for new trial.

In June 2012, the OAG filed a complaint in the bankruptcy court seeking to have the child support debt declared exempt from discharge as a domestic support obligation. The bankruptcy court ruled that the debt was a domestic support obligation and thus was automatically excepted from discharge. In the bankruptcy proceedings, Dise argued that a prior version of Texas Family Code section 157.005—which allows a trial court to confirm and render a money judgment for child support arrearages—was a statute of limitations that limited the trial court's jurisdiction to confirm child support arrearages to situations in which a party files a motion to confirm the arrearage within four years after the date the child turns eighteen. The OAG argued that the current version of section 157.005 applied, which gave the trial court jurisdiction to confirm a child support arrearage if a party files a motion to confirm within ten years after the child turns eighteen. In a memorandum opinion, the bankruptcy court ruled that section 157.005 was not a statute of limitations, that Dise was not entitled to have the prior version of section 157.005 with its shorter time period applied to him, and that Dise was not relieved of his obligation to pay his child support arrearage. The bankruptcy court entered a judgment against Dise and in favor of the OAG in the amount of $34,405.62.

On December 12, 2013, the trial court held a hearing on the motion to confirm the arrearage and took judicial notice of the bankruptcy court's memorandum opinion and judgment against Dise. The OAG requested that the trial court adopt the bankruptcy court's judgment as its own judgment. The trial court adopted the order and judgment of the bankruptcy court and signed an order confirming Dise's child support arrearage in the amount of $34,405.62. This appeal followed.

## Jurisdiction to Confirm Child Support Arrearage

In his sole issue on appeal, Dise contends that the trial court erred in adopting the bankruptcy court's judgment awarding

the OAG child support arrearages because the trial court lacked jurisdiction to enter an order confirming the amount of arrearages. Specifically, Dise argues that Family Code section 157.005(b) is a statute of limitations and that the current version of the statute should not be applied to him because it is a prohibited ex post facto law. He also argues that the version of section 157.005(b) that was in effect when he was divorced in 1986 provided that a motion to confirm arrearages must be filed within two years of the child's turning eighteen for the trial court to have jurisdiction to enter a judgment for child support arrearages, that this version of the statute should apply, and that "his right to not pay the amount in arrears vested ... two years after his child turned eighteen," or in January 2005, in this case.

The Texas Legislature first adopted a statute concerning limitations on a trial court's power to enter a judgment for unpaid child support payments in 1985. That statute, former Family Code section 14.41(b), provided that the court "retains jurisdiction to enter judgment for past-due child support obligations if a motion to render judgment for the arrearages is filed within two years after (1) the child becomes an adult" or "(2) the date on which the child support obligation terminates pursuant to the decree or order or by operation of law." Act of May 27, 1985, 69th Leg., R.S., ch. 232, § 9, 1985 Tex. Gen. Laws 1158, 1163 (amended 2009) (current version at Tex. Fam. Code Ann. § 157.005(b)). This version of the statute was in effect at the time of the divorce

decree in this case. In 1989, the Legislature amended section 14.41(b) to provide that the trial court retains jurisdiction to enter judgment for past-due child support for four years after the child becomes an adult. Act of July 16, 1989, 71st Leg., 1st C.S., ch. 25, § 28, 1989 Tex. Gen. Laws 74, 86. In 1999, the Legislature again amended this provision, now codified as Family Code section 157.005(b), to state: "The court retains jurisdiction to confirm the total amount of child support arrearages and render judgment for past-due child support until the date all current child support and medical support and child support arrearages, including interest and any applicable fees and costs, have been paid." Act of May 27, 1999, 76th Leg., R.S., ch. 556, § 15, 1999 Tex. Gen. Laws 3058, 3062. This version of section 157.005(b), which eliminates the time period within which a party must file a motion to confirm, was in effect at the time M.D. turned eighteen in January 2003.

The Texas Legislature again amended the applicable time period in which the trial court retains jurisdiction to confirm the total amount of child support arrearages in 2005. Act of May 29, 2005, 79th Leg., R.S., ch. 916, § 21, 2005 Tex. Gen. Laws 3148, 3155 (amended 2009). The current version of Family Code section 157.005(b) provides: [1]

The court retains jurisdiction to confirm the total amount of child support arrearages and render a cumulative money judgment for past–due child support, as

---

1. The Texas Legislature amended section 157.005(b) in 2009. This amendment, however, did not concern the time period within which the trial court retains jurisdiction to confirm past-due child support arrearages. See Act of May 28, 2009, 81st Leg., R.S., ch. 767, § 13, 2009 Tex. Gen. Laws 1938, 1943–44 (amending statute to include language that trial court retains jurisdiction to render "cu-

mulative money judgment" as provided by Family Code section 157.263). Family Code section 157.263 provides that "[i]f a motion for enforcement of child support requests a money judgment for arrearages, the court shall confirm the amount of arrearages and render one cumulative money judgment." Tex. Fam. Code Ann. § 157.263(a) (Vernon 2014).

provided by Section 157.263, if a motion for enforcement requesting a cumulative money judgment is filed not later than the 10th anniversary after the date:

(1) the child becomes an adult; or

(2) on which the child support obligation terminates under the child support order or by operation of law.

TEX. FAM. CODE ANN. § 157.005(b) (Vernon 2014). The Texas Legislature specifically provided that the 2005 amendment to section 157.005(b) "relating to the enforcement of a child support order rendered before the effective date of this act [June 18, 2005] applies only to a proceeding for enforcement that is commenced on or after the effective date of this Act." Act of May 29, 2005, 79th Leg., R.S., ch. 916, § 33, 2005 Tex. Gen. Laws at 3156.

■ Dise argues that the amended versions of section 157.005, enacted after he divorced in 1986, are unconstitutional ex post facto laws and should not be retroactively applied to this case. The Texas Constitution provides that "[n]o bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made." TEX. CONST. art. I, § 16. This provision "forbids statutes that 'create new obligations, impose new duties, or adopt new disabilities in respect to transactions or considerations past.'" In re A.D., 73 S.W.3d 244, 248 (Tex.2002) (quoting Ex parte Abell, 613 S.W.2d 255, 260 (Tex.1981)). In re A.D. involved a statute providing that trial courts retained jurisdiction to enter administrative writs of withholding for past-due child support up to four years after the child turned eighteen. Id. at 246. The Texas Supreme Court noted that such a writ "does not seek to impose a legal liability on the obligor to support his children" but instead constitutes a statutory remedy "to secure performance of a previously adjudicated liability." Id. at 248 (discussing whether

Family Code section 158.502(a) constituted statute of limitations on wage-withholding writs or was instead jurisdictional provision). In that case, the divorce decree established the obligor's obligation to pay child support, and the statute allowing for administrative writs of withholding "merely added a different procedural vehicle to secure fulfillment of the existing obligation." Id. The court stated that the statute's four-year limitation "was on the court's jurisdiction to order withholding of child-support arrearages, not on the obligation itself." Id. at 247–48. The court further held that the Texas Legislature "was free to adopt new remedies for collecting delinquent child support ... and to apply those remedies in cases in which the court's enforcement power had lapsed." Id. at 249.

■ Courts have held that section 157.005, like section 158.502(a) concerning writs of withholding, is a jurisdictional provision that "defin[es] the contours of the court's jurisdiction"; it is not a statute of limitations that sets a "time frame within which a party must file a claim or forever lose the right to do so." In re S.C.S., 48 S.W.3d 831, 833 (Tex.App.—Houston [14th Dist.] 2001, pet. denied); In re M.J.Z., 874 S.W.2d 724, 726 (Tex.App.—Houston [1st Dist.] 1994, no writ) (holding that predecessor statute, section 14.41(b), is not statute of limitation but is instead "jurisdictional in nature" and "clearly defines the continuing subject matter jurisdiction of the trial court"). Section 157.005(b) thus "addresses how long a court has jurisdiction to enforce its orders." In re S.C.S., 48 S.W.3d at 834. Section 157.005 "does not confer any vested right, unlike a statute of limitation." Id. at 835; see also Ex parte Wilbanks, 722 S.W.2d 221, 224 (Tex. App.—Amarillo 1986, no writ) (stating, in context of statute that placed time limit on trial court's ability to hold obligor in con-

tempt for failing to pay past-due child support, "It is beyond dispute that laws which affect only the remedy, such as providing a limitation period, for enforcing substantive rights do not come within the scope of the constitutional provision against retroactive laws").

Here, the 1986 divorce decree named Evelina Dise as M.D.'s managing conservator and established Murphy Dise's obligation to pay $120 per month in child support until M.D. turned eighteen in January 2003. Dise did not fulfill his child-support obligations, and the OAG sought to obtain a money judgment against him for the arrearage. Dise argues that the trial court should have applied the version of section 157.005(b) that was in effect at the time of his divorce and the creation of his child support obligation—a version that limited the trial court's jurisdiction to confirm child support arrearages to within two years after M.D. turned eighteen. However, allowing the trial court to confirm an arrearage and enter a money judgment for that amount, like an administrative writ of withholding, is a "procedural vehicle to secure fulfillment of the existing obligation." *See In re A.D.*, 73 S.W.3d at 248 (noting that administrative writ of withholding "merely added a different pro-cedural vehicle to secure fulfillment of the existing obligation" and that "courts of appeals have consistently held that the constitutional ban on retroactive laws does not preclude applying new enforcement tools to old support orders"). Dise, therefore, has no vested interest in the application of the version of section 157.005 in effect at the time of his divorce.

The 2005 amendment to section 157.005(b), providing that the trial court retains jurisdiction to confirm and enter a cumulative money judgment for child support arrearages for up to ten years after the child turns eighteen, is not a statute of limitations and does not impose a new substantive obligation on Dise. *See id.* (holding same concerning statute allowing for administrative writ of withholding); *In re S.C.S.*, 48 S.W.3d at 835 (stating that section 157.005(b) is jurisdictional provision that does not confer any vested right). The current version of section 157.005(b), therefore, is not a retroactive law and may be applied in this case.[2] *See In re A.D.*, 73 S.W.3d at 249 ("The Legislature was free to adopt new remedies for collecting delinquent child support . . . and to apply those remedies in cases in which the court's enforcement power had lapsed."); *In re S.C.S.*, 48 S.W.3d at 835; *Ex parte Wilbanks*, 722 S.W.2d at 224.

**2.** We note that the version of section 157.005(b) in effect when M.D. turned eighteen and Dise's support obligation ended provided no time limitation on the trial court's jurisdiction to confirm child support arrearages. *See* Act of May 27, 1999, 76th Leg., R.S., ch. 556, § 15, 1999 Tex. Gen. Laws 3058, 3062; *see also Taylor v. Speck*, 308 S.W.3d 81, 86 (Tex.App.—San Antonio 2010, no pet.) (noting that "no such limitations period existed under the version of the Family Code in existence" at time plaintiff filed amended motion for cumulative judgment in April 2005). Instead, this version provided, "The court retains jurisdiction to confirm the total amount of child support arrearages and render judgment for past-due child support until the date all current child support and medical support and child support arrearages, including interest and any applicable fees and costs, have been paid." Act of May 27, 1999, 76th Leg., R.S., ch. 556, § 15, 1999 Tex. Gen. Laws at 3062. As Dise still owed child support arrearages at the time the OAG filed its motion to confirm, under this version of the statute, the trial court had jurisdiction to confirm the amount of arrearages. Dise's argument that "[a] court may no more retain what it does not possess than one may return to a place he has never been" and that the 2005 amendment, effective as of June 2005, could not operate to bestow jurisdiction upon the trial court to confirm the arrearage when it lost jurisdiction in January 2005, two years after M.D. turned eighteen, is therefore unavailing.

Under the current version of section 157.005(b), the trial court retained jurisdiction to confirm the amount of child support arrearages and render a cumulative money judgment if a motion requesting a cumulative money judgment was filed not later than the tenth anniversary of the date the child became an adult. TEX. FAM. CODE ANN. § 157.005(b). M.D. turned eighteen in January 2003. The OAG moved to confirm Dise's child-support arrearages and render a money judgment for past-due child support in May 2010, seven years after M.D. turned eighteen. The trial court therefore had jurisdiction to confirm the total amount of child support arrearages and enter a cumulative money judgment against Dise for that amount. *See id.* Thus, we hold that the trial court did not err by adopting the federal bankruptcy court order and judgment confirming the amount of child support arrearages and entering a money judgment against Dise.

We overrule Dise's sole issue.

## Conclusion

We affirm the judgment of the trial court.